1    Benjamin J. Hofileña (State Bar No. 227117)
     bhofilena@orrick.com
2    ORRICK, HERRINGTON & SUTCLIFFE LLP
     777 South Figueroa Street
3    Suite 3200
     Los Angeles, CA 90017
4    Telephone: +1-213-629-2020
     Facsimile: +1-213-612-249
5

6    Mark D. Litvack (State Bar No. No. 183652)
     mlitvack@reedsmith.com
     Michael A. Garabed (State Bar No. 223511)
7    mgarabed@reedsmith.com REED SMITH LLP
     1901 Avenue of the Stars, Suite 700
8    Los Angeles, CA 90067
     Telephone: +1-310-734-5217
9    Facsimile: +1-310-734-5299

10   Attorneys for Defendants and Counterclaimants
     AOL LLC, TIME WARNER INC., and PLATFORM-A
11   INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

|  |  |
|---|---|
| MODAVOX, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>       v.<br><br>AOL LLC, a Delaware limited liability company, Time Warner Inc., a Delaware corporation, and Platform-A Inc., a Maryland corporation,<br><br>            Defendants | Case No. CV08-05914 SJO (PJWx)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER ACTION TO U.S. DISTRICT COURT FOR SOUTHERN DISTRICT OF NEW YORK**<br><br>The Honorable S. James Otero<br><br>Hearing Date: March 23, 2009<br>Time: 10:00 AM<br>Courtroom: 880 |
| AND RELATED COUNTERCLAIMS | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 23, 2009 at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable S. James Otero, United States District Court, in Courtroom No. 880 of the above-entitled Court, located at 225 East Temple Street, Los Angeles, California, Defendants AOL LLC, Time Warner Inc., and Platform-A, Inc. will and hereby do move the Court for an order transferring this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

Pursuant to 28 U.S.C. § 1404(a), Defendants AOL LLC, Time Warner Inc., and Platform-A Inc. seek an order transferring this action to the United States District Court for the Southern District of New York where a pending action between the same plaintiff and a subsidiary of the named defendants based on the same patent claims and the same technology at issue in the instant case has been intensely litigated for *a year and a half*, including a lengthy *Markman* hearing.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities below; the accompanying Declaration of Paul R. Gupta, and [Proposed] Order filed simultaneously herewith; all pleadings on file in this action; oral argument of counsel; and any other matter that may be submitted at the hearing or thereafter in connection with this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 10, 2009.

1    Dated: March 2, 2009          Respectfully submitted,

2                        ORRICK, HERRINGTON & SUTCLIFFE LLP

3

                      By: _____ */s/Benjamin Hofileña*_____

4

5                      Benjamin J. Hofileña (SBN 227117)
                      ORRICK, HERRINGTON & SUTCLIFFE LLP

6                      777 South Figueroa Street, Suite 3200
                      Los Angeles, CA 90017

7                      Telephone:  +1-213-629-2020
                      Facsimile:  +1-213-612-2499

8                      Mark D. Litvack (State Bar No. 183652)
                      Michael A. Garabed (State Bar No. 223511)

9                      REED SMITH LLP
                      1901 Avenue of the Stars, Suite 700

10                   Los Angeles, CA 90067
                     Telephone:  +1-310-734-5217

11                   Facsimile:  +1-310-734-5299

12                   Attorneys for Defendants and Counterclaimants
                     AOL LLC, TIME WARNER INC., and

13                   PLATFORM-A INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER ACTION
TO U.S. DISTRICT COURT FOR SOUTHERN DISTRICT OF NEW YORK
CASE No. CV08-05914 SJO PJW

# TABLE OF CONTENTS

                                                                    Page

I.      INTRODUCTION ................................................................ 1

II.     STATEMENT OF FACTS ..................................................... 3

        A.      The Parties ........................................................... 3

                1.      Plaintiff ..................................................... 3

                2.      Defendants ................................................ 3

        B.      The Present Action Is Duplicative of the Litigation Pending in
                the New York Court ............................................... 4

        C.      The New York Litigation Has Been Very Active, Making the
                New York Court Very Familiar With the Parties, the
                Patents-in-Suit, and the Accused Technology .................... 5

III.    ARGUMENT ..................................................................... 6

        A.      Transferring This Case is Proper Pursuant to 28 U.S.C. §
                1404(a) .............................................................. 6

        B.      This Action Could Have Been Brought in the Southern District
                of New York ......................................................... 8

        C.      The "Interests of Justice" Warrant Transfer to Avoid the Waste
                of Judicial Resources and the Risk of Inconsistent Results ......... 8

        D.      Modavox's Choice of Forum Is Entitled to Little Weight Here
                and Modavox Cannot Argue that the Southern District of New
                York is Inconvenient, Because Modavox Itself Chose to Litigate
                the Same Patents Against a Related Defendant Regarding the
                Same Technology in the Southern District of New York ............ 11

IV.     CONCLUSION .................................................................. 12

1
# TABLE OF AUTHORITIES

2

3
**CASES**         **Page**

4
5
6
*Broadcast Data Retrieval Corp. v. Sirius Satellite Radio, Inc.*,
  No. CV 06-1190(JFW)(SSX), 2006 WL 1582091 (C.D. Cal. June 6,
  2006) ................................................................................................6

7
*Continental Grain Co. v. Barge FBL-585*,
  364 U.S. 19 (1960)...........................................................................6, 8

8
9
*CoxCom, Inc. v. Hybrid Patents Inc.*,
  No. C-06-7918 MMC, 2007 WL 2500982 (N.D. Cal. Aug. 30, 2007)..............12

10
11
*Electronics for Imaging, Inc. v. Tesseron, Ltd.*,
  No. C 07-05534 CRB, 2008 WL 276567 (N.D. Cal. Jan. 29, 2008) ..................9

12
13
*George v. Nat'l Collegiate Athletic Ass'n*,
  No. CV 08-03401(GAF)(AGRx), 2008 WL 5422882 (C.D. Cal. 2008) .............7

14
15
*Inline Connection Corp. v. Verizon Internet Services, Inc.*,
  402 F. Supp. 2d 695 (E.D. Va. 2005).......................................................9, 10, 11

16
17
*In re TS Tech USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008) ............................................................11

18
19
*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008), *cert. denied*, 77 U.S.L.W. 3366 (U.S. Feb.
  23, 2009) (No. 08-754) ....................................................................7

20
21
*Jaco Environmental, Inc. v. Appliance Recycling Centers of America, Inc.*,
  No. C 06-06601 JSW, 2007 WL 951274 (N.D. Cal. Mar. 27, 2007)..................9

22
23
*Pacific Car & Foundry Co. v. Pence*,
  403 F.2d 949 (9th Cir. 1968) ..............................................................11

24
25
*Regents of Univ. of Cal. v. Eli Lilly & Co.*,
  119 F.3d 1559 (Fed. Cir. 1997) ..........................................................8

26
27
*Reiffin v. Microsoft Corp.*,
  104 F. Supp. 2d 48 (D.D.C. 2000)........................................................10

28
*SAES Getters v. Aeronex, Inc.*,

- ii -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO TRANSFER ACTION TO U.S. DISTRICT COURT
FOR SOUTHERN DISTRICT OF NEW YORK
CASE NO. CV08-05914 SJO PJW

# TABLE OF AUTHORITIES
## (continued)

**Page**

219 F. Supp. 2d 1081 (S.D. Cal. 2002) .................................................................... 9

*Sorensen v. Phillips Plastics Corp.*,
    No. C-08-03094 MHP, 2008 WL 4532556 (N.D. Cal. Oct. 9, 2008) ................. 9

*Univ. of Pittsburgh v. Varian Medical Sys., Inc.*,
    No. C-08-2973, 2008 WL 4279704 (N.D. Cal. Sep. 16, 2008) ............... 9, 11, 12

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) ....................................................................................... 6, 8

*Williams v. Bowman*,
    157 F. Supp. 2d 1103 (N.D. Cal. 2001) .............................................................. 7


## FEDERAL STATUTES

28 U.S.C. § 1404(a) ...................................................................... 1, 3, 6, 7, 13

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

The Court should transfer this case to the Southern District of New York because the parties are engaged in ongoing litigation in that judicial district involving the same patents-in-suit and the same technology that is at issue here.[1] Plaintiff Modavox, Inc. ("Modavox") previously filed a patent infringement lawsuit in the Southern District of New York (the "New York Court") accusing TACODA, Inc. ("Tacoda") a subsidiary of one of the named defendants in the present action before this Court.  Modavox has now sued AOL LLC ("AOL"), Time Warner Inc. ("Time Warner"), and Platform-A Inc. ("Platform-A") (collectively, "Defendants") for infringement of the same patents by virtue of the Tacoda technology.[2]  In fact, in a recent press release, Modavox acknowledged that it has accused the same technology in both cases: "AOL's expansion of its subsidiary, Tacoda, Inc.'s Behaviorial [sic] Targeting across Platform A has clearly appeared to embody the same underlying method to achieve targeted delivery advertising to consumers." *See* Gupta Dec. at Ex. D.

Principles of judicial economy, basic fairness, and convenience dictate that the present action should be transferred to the New York Court pursuant to 28 U.S.C. § 1404(a).  The New York Court has spent the past *year and a half* studying the patents-in-suit and the technology at issue.  It has presided over case management conferences, discovery, and claim construction, including a *Markman* hearing.  Further, the New York Court continues to consider claim construction questions, most recently on February 20, 2009, requesting additional briefing from the parties to construe an ambiguous claim term. *See* Gupta Dec. at ¶ 18.  Given its

---

[1] A conference of counsel pursuant to L.R. 7-3 took place on February 10, 2009. *See* Declaration of Paul R. Gupta ("Gupta Dec.") at ¶19.

[2] Modavox itself acknowledged the overlap of these two litigations in its Notice of Pendency of Other Actions, stating: "The New York Action sets forth infringement claims against Tacoda, Inc., a subsidiary of AOL LLC for infringement of the same patents [at issue in the present action]." *See* Notice of Pendency of Other Actions, dated February 10, 2009.

1  substantial knowledge of the patents, technology, and parties, the New York Court

2  is well-suited to preside over the present action.

3  Moreover, allowing the present action to proceed in the Central District of

4  California would run the risk of inconsistent judgments on identical issues between

5  like parties.  Indeed, the Honorable Colleen McMahon, who is presiding over the

6  New York Litigation, commented on this possibility when she learned of Modavox

7  having filed the present action:

8  THE COURT [Judge McMahon]: Who else are you suing?

9  MR. [DAVID] SHAUB [Counsel for Modavox in the present action
10  and the New York Litigation]: AOL, Time Warner and Tacoda and
Platform A.

11  THE COURT: And you are suing these people in a whole bunch of
12  different places in the hope that you are going to get different
interpretations of the same patent by different judges?

13  MR. SHAUB: No.

14  THE COURT: Oh baloney.

15  *See* Gupta Dec. at Ex L.

16  Other factors of convenience also support a transfer to the New York Court.

17  The present action has no particular connection to this judicial district – neither

18  Modavox nor any Defendant is located in the Central District of California.

19  Outside of routine business activities, Defendants' presence in this District is

20  virtually indistinguishable from any other judicial district in this country, except for

21  the Southern District of New York where Modavox has chosen to file suit and

22  where Defendants are all headquartered.

23  In addition, litigation in this District will not improve the access to witnesses

24  or evidence.  Third party witnesses, most importantly, the named inventors, are also

25  not located in this District.  On the other hand, because Defendants maintain offices

26  in New York, other witnesses, such as employees of Defendants, as well as relevant

27  documentary evidence, are located in that judicial district.  Finally, Modavox

28  clearly cannot claim that the Southern District of New York is inconvenient, given

1    that it chose to initiate litigation of the patents-in-suit in that district and has been

2    engaged in litigation there for a year and a half.

3       For these reasons, and as explained in greater detail below, Defendants

4    respectfully request that this Court issue an order transferring the present action to

5    the United States District Court for the Southern District of New York for all

6    further proceedings, pursuant to 28 U.S.C. § 1404(a).

7   **II.**    **STATEMENT OF FACTS**

8       **A.**    **The Parties**

9            **1.**    <u>**Plaintiff**</u>

10       Plaintiff Modavox is a Delaware corporation with its principal place of

11   business in Arizona. *See* First Amended Complaint at ¶ 2. Modavox is the

12   purported owner of the patents-in-suit, U.S. Patent No. 6,594,691 (the "'691

13   Patent") and No. 7,269,636 (the "'636 Patent"). *See id.* at ¶¶ 33, 44. The patents-

14   in-suit identify named inventors Charles P. McCollum and Andrew L. Burgess, Jr.,

15   both residents of Arizona. *See* Exhibits A and B to First Amended Complaint.

16   Modavox further alleges to be the owner of the federally-registered trademark

17   "Boombox Radio." *See* First Amended Complaint at ¶¶ 11-14.

18            **2.**    <u>**Defendants**</u>

19       Defendant AOL is a Delaware limited liability company with its headquarters

20   in New York, New York. *See* Declaration of Paul Gupta ("Gupta Dec.") at ¶ at 4.

21   Defendant Time Warner is a Delaware corporation with its headquarters in New

22   York, New York. *Id.* Defendant Platform-A is Delaware corporation with its

23   headquarters in New York, New York. *Id.* Tacoda, the defendant in the ongoing

24   litigation in the New York Court, is a subsidiary of Platform-A. *Id.* at ¶ 5. In turn,

25   Platform-A is a subsidiary of AOL, which is a wholly-owned subsidiary of AOL

26   Holdings LLC, which is a majority-owned subsidiary of TW AOL Holdings Inc.,

27   which is a wholly-owned subsidiary of Time Warner. *Id.* at ¶ 4. Defendants AOL

28   and Time Warner maintain offices in the Central District of California; defendant

-3-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO TRANSFER ACTION TO U.S. DISTRICT COURT
FOR SOUTHERN DISTRICT OF NEW YORK
CASE NO. CV08-05914 SJO PJW

1   Platform-A does not. *Id.*

2   **B.    The Present Action Is Duplicative of the Litigation Pending in the**
3          **New York Court**

4       In the present action, Modavox accuses the identical technology of infringing

5   the same patents-in-dispute that Modavox previously accused in the ongoing patent

6   infringement litigation in the New York Court (the "New York Litigation").

7   Specifically, Modavox filed suit against Tacoda in the Southern District of New

8   York in August, 2007, accusing Tacoda of infringing the '691 and '636 Patents.

9   *See* Gupta Dec., Exs. A and B. The alleged infringement in the New York

10  Litigation is based on Tacoda's behavioral targeting technology according to

11  Modavox's own statements. *See* Gupta Dec. at ¶ 7.

12      Similarly, in the present action, Modavox accuses Defendants of infringing

13  the '691 and '636 Patents. *See* First Amended Complaint. Likewise, the alleged

14  infringement is also based on the same Tacoda technology accused in the New

15  York Litigation. In particular, Modavox has described in a press release the basis

16  for its allegations of infringement as AOL's expansion of Tacoda's technology

17  across Platform-A. *See* Gupta Dec. at Ex. D. Modavox provided further

18  confirmation of the basis for its new suit during a meet and confer on February 10,

19  2009 between counsel for the parties to discuss the instant motion. During that

20  conference, Modavox's counsel indicated that the Tacoda technology is the primary

21  basis for the patent infringement allegations of the present action. *See id.* at ¶ 8.

22      Here, Modavox also accuses AOL of infringing Modavox's "Boombox"

23  trademark. *See* First Amended Complaint at ¶¶ 16-18, 28-30. Aside from this

24  trademark infringement claim instituted solely against AOL, the present action is

25  entirely duplicative of the New York Litigation. Modavox has not pled any

26  connection between the trademark claims and this District.

27

28

The New York Litigation Has Been Very Active, Making the New York Court Very Familiar With the Parties, the Patents-in-Suit, and the Accused Technology

The New York Litigation has been ongoing in the New York Court for eighteen months. During this time, the New York Court has interacted on numerous occasions with the parties, overseen the discovery process, and become versed in the technology and the patents-in-suit, most recently in a *Markman* hearing before Judge McMahon. *See* Gupta Dec. at ¶ 9.

The New York Litigation has been actively litigated since Modavox filed its initial complaint on August 9, 2007, which it later amended on September 12, 2007. *See* Gupta Dec., Exs. A and B, respectively. Tacoda filed its Answer on October 19, 2007, denying the infringement allegations and asserting counterclaims for a declaratory judgment of non-infringement and invalidity. *See Id.,* Ex. C. On November 30, 2007, a Scheduling Conference was held before Judge McMahon. *See Id.*, Ex. E.

Subsequently, the parties engaged in extensive fact discovery, such as interrogatories and document productions directed to the patents-in-suit and the accused technology. *See* Gupta Dec. at ¶ 10. Tacoda has also produced source code relating to the accused technology, including both historical data, as well as data relating to the Tacoda technology as now incorporated into Platform-A. *Id*. In addition, Tacoda has provided Modavox with its invalidity analysis of the patents-in-suit in support of Tacoda's invalidity counterclaim. *Id.*

Further, the parties continue to engage in an intensive claim construction process in the New York Litigation regarding the same patents-in-suit in the present action before this Court. *See* Gupta Dec. at ¶ 11. The parties began to meet and confer in November, 2008 to discuss claim construction terms. *Id*. Modavox and Tacoda then filed opening briefs on December 16, 2008, opposition briefs on January 8, 2009, and briefs in response to the opposition briefs on January 15,

1   2009.  *See* Gupta Dec., Exs. F, G, H, I, J, and K.

2   After briefing was completed, Judge McMahon held a claim construction

3   hearing on February 4, 2009.  *See* Gupta Dec. at ¶ 18.  The parties appeared before

4   Judge McMahon, and counsel for Modavox and Tacoda gave presentations and

5   arguments on each term in dispute.  *Id*.  Judge McMahon actively participated in

6   the lengthy hearing, thoroughly questioning the parties about the patents-in-suit and

7   the parties' proposed claim constructions.  *Id*.  As recently as February 20, 2009,

8   the parties were instructed by Judge McMahon to further meet and confer and

9   submit additional briefing on the meaning of certain terms in the asserted claims.

10  *Id*.

11  **III.   ARGUMENT**

12  **A.     Transferring This Case is Proper Pursuant to 28 U.S.C. § 1404(a)**

13  "For the convenience of parties and witnesses, in the interests of justice, a

14  district court may transfer any civil action to any other district or division where it

15  might have been brought."  28 U.S.C. § 1404(a).  "[T]he purpose of . . . [S]ection

16  [1404(a)] is to prevent the waste 'of time, energy and money' and 'to protect

17  litigants, witnesses and the public against unnecessary inconvenience and

18  expense.'"  *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citing

19  *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26, 27 (1960)).  A party

20  moving for transfer must show: (1) that venue is proper in the transferor district;[3]

21  (2) that the transferee district is one where the action might have been brought; and

22  (3) that the transfer will serve the convenience of the parties and witnesses and will

23  promote the interest of justice.  *Broadcast Data Retrieval Corp. v. Sirius Satellite

24  Radio, Inc.*, No. CV 06-1190(JFW)(SSX), 2006 WL 1582091, at *2 (C.D. Cal. June

25  6, 2006).

26  A district court has discretion to adjudicate motions for transfer according to

27  ─────────────────
    [3] Defendants AOL and Time Warner have appeared as defendants in other cases in

28  this District.  Defendants, however, contend that the interests of justice weigh
    heavily in favor of transferring this case to the Southern District of New York.

1 an individualized, case-by-case consideration of convenience and fairness. *George*

2 *v. Nat'l Collegiate Athletic Ass'n*, No. CV 08-03401(GAF)(AGRx), 2008 WL

3 5422882, at *2 (C.D. Cal. 2008). The plaintiff's choice of forum is but one factor

4 in the analysis, and the Court may consider a variety of factors in its determination

5 of whether transfer is appropriate in a particular case, including: (1) the

6 convenience of the parties; (2) feasibility of consolidation of other claims; (3) the

7 convenience of the witnesses; (4) ease of access to the evidence; (5) the interests of

8 justice; and (6) the plaintiff's choice of forum. *See Williams v. Bowman*, 157 F.

9 Supp. 2d 1103, 1106 (N.D. Cal. 2001) (noting that there are variations in the

10 articulated factors and that this list is not exhaustive, but comports with Ninth

11 Circuit precedent). Other circuits have reached the same conclusion, including a

12 case recently reviewed by the Supreme Court. *See In re Volkswagen of Am., Inc.*,

13 545 F.3d 304, 315-316, 319 (5th Cir. 2008) (en banc) (issuing writ of mandamus

14 directing district court to transfer and identifying public and private factors for

15 transfer including "practical problems that make trial of a case easy, expeditious

16 and inexpensive" and "the familiarity of the forum with the law that will govern the

17 case"), *cert. denied*, 77 U.S.L.W. 3366 (U.S. Feb. 23, 2009) (No. 08-754).

18     The relevant factors overwhelmingly balance in favor of transferring this

19 case to the New York Court. First, venue is proper in the transferee district.

20 Second, and most importantly, the ongoing New York Litigation involves the same

21 allegations of patent infringement made by the same plaintiff against identical

22 technology and similar defendants. Third, witnesses and documents are located in

23 the Southern District of New York and not in the Central District of California.

24 Finally, other factors of convenience and the possibility of consolidation favor

25 transfer.

26     **B.**    **This Action Could Have Been Brought in the Southern District of New York**

27

28     A court may transfer any action to any other district where the "action might

have been brought" originally. 28 U.S.C. § 1404(a). As a threshold inquiry, this Court must determine whether the proposed transferee district, the Southern District of New York, is one where the case "might have been brought." This requirement requires that the transferee forum had personal jurisdiction over the defendants at the time the action was filed, and is easily satisfied as evidenced by the ongoing New York Litigation *commenced* by Modavox. *See Van Dusen*, 376 U.S. at 624. Defendants are unquestionably subject to personal jurisdiction in the Southern District of New York, as all Defendants maintain their headquarters in New York City within the Southern District of New York.

Therefore, this action could have been brought in the Southern District of New York.

### C. The "Interests of Justice" Warrant Transfer to Avoid the Waste of Judicial Resources and the Risk of Inconsistent Results

"To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Continental Grain*, 364 U.S. at 26. As in *Continental Grain*, the interests of justice are best served by transferring this action to the New York Court where the legal issues and facts have been fully developed by the parties. Transfer will prevent the duplication of efforts and the possibility of inconsistent rulings by two judicial districts on complex patent claims. It also will achieve judicial economy since the New York Court is intimately familiar with the patents and technology. Indeed, this fact alone justifies transfer. *See, e.g.*, *Regents of Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (affirming that transfer was appropriate "after affording ***determinative weight*** to the consideration of judicial economy," since the transferee district court had "become familiar with the issues" and stating that "[c]onsideration of the interest of justice, which includes judicial economy, 'may be determinative to a particular transfer motion, even if the convenience of

1  the parties and witnesses might call for a different result.'") (emphasis added); *see*
2  *also SAES Getters v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1094 (S.D. Cal. 2002)
3  ("[I]t will be important for the consistent interpretation of these two similar patents
4  to have one court, rather than two, interpret them. . . . [B]y bringing both patent
5  claims before one court, the possibility of inconsistent judgments should be
6  substantially minimized, if not removed.").

7      Not surprisingly, district courts regularly transfer cases to other districts
8  where the same or related patent claims have been litigated. *See, e.g., Sorensen v.*
9  *Phillips Plastics Corp.*, No. C-08-03094 MHP, 2008 WL 4532556, at *3 (N.D. Cal.
10  Oct. 9, 2008) (granting accused infringer's motion to transfer action to S.D. Cal.,
11  where patentee had a suit pending against the accused infringer for infringement of
12  the same patent but for a different accused product); *Univ. of Pittsburgh v. Varian*
13  *Medical Sys., Inc.*, No. C-08-2973, 2008 WL 4279704, at *1 (N.D. Cal. Sep. 16,
14  2008) ("[W]here the parties have previously litigated a nearly identical claim, the
15  public interest in avoiding duplicative litigation weighs strongly in favor of
16  transfer."); *Electronics for Imaging, Inc. v. Tesseron, Ltd.*, No. C 07-05534 CRB,
17  2008 WL 276567, at *1-*2 (N.D. Cal. Jan. 29, 2008) (granting patentee's motion to
18  transfer declaratory judgment action concerning eight patents to a forum where the
19  patentee had originally brought an infringement suit asserting two of the same
20  patents at issue in the declaratory judgment action); *Jaco Environmental, Inc. v.*
21  *Appliance Recycling Centers of America, Inc.*, No. C 06-06601 JSW, 2007 WL
22  951274, at *2-*3 (N.D. Cal. Mar. 27, 2007) (granting accused infringer's motion to
23  transfer infringement action to the Central District of California where there was an
24  unfair competition action pending between the parties that addressed the same
25  technology and issues of patent inventorship).

26      Transfer is particularly appropriate in patent cases which often involve
27  sophisticated technology and complicated patent claims. *See Inline Connection*
28  *Corp. v. Verizon Internet Services, Inc.*, 402 F. Supp. 2d 695, 702 (E.D. Va. 2005)

("transfer is particularly appropriate in patent cases where a prior pending lawsuit involves the same facts, transactions, or occurrences, and is warranted even when the parties are different." *See also Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 56 (D.D.C. 2000) (stating that "piecemeal litigation in the complex and technical area of patent and trademark law is especially undesirable").

A case that is very similar to the present action is *Inline Connection Corp. v. Verizon Internet Services, Inc.*, 402 F. Supp. 2d at 702-703. There, the plaintiff first filed a patent infringement suit in the District of Delaware against several defendants, including a Verizon entity. *Id.* at 697. The case against the Verizon defendant was dismissed while the action proceeded against the remaining defendants. *Id.* Nearly three years later, the plaintiff filed a second patent infringement action, this time in the Eastern District of Virginia, against 25 other Verizon entities alleging infringement of the same patents-in-suit in the ongoing Delaware action. *Id.* at 696-697.

In deciding whether to transfer, the Virginia court noted that the Delaware court had invested substantial time and effort presiding over the case, including determining complex claim constructions. *Id.* at 702. The court found that retaining jurisdiction would only cause unnecessary expense and duplication of efforts. *Id.* ("In light of the prospective duplication of efforts involved with two courts litigating the same patent claims brought by the same party, the balance of hardships clearly favors transfer."). Despite the fact that the Verizon defendant from the Delaware litigation was not a party to the Virginia suit, and despite that it had been dismissed from the Delaware action, the Eastern District of Virginia nonetheless ruled in favor of transfer. *Id.* at 703 ("[T]he judicial economy factor here is so heavily weighted that it alone supports transfer to the District of Delaware.").

Like the Court in *Inline*, the Court in the ongoing New York Litigation has already invested substantial time familiarizing itself with the parties, the asserted

1  patents and the accused technology.  The New York Court recently conducted a

2  *Markman* hearing and continues to expend effort to make complex claim

3  construction determinations, as shown by its recent request for additional briefing

4  on disputed patent claim terms.  If this action is not transferred, this Court would

5  also then need to spend considerable time familiarizing itself with the patents and

6  the parties, and two courts would be required to make separate determinations about

7  identical patent claims.

8      Accordingly, transferring this action would serve judicial economy by

9  avoiding duplicative proceedings and unnecessary expense, and by reducing the

10  likelihood of inconsistent judgments.  *See Univ. of Pittsburgh v. Varian Medical*

11  *Sys., Inc.*, No. C-08-2973, 2008 WL 4279704, at *1; *Inline Connection Corp.*, 402

12  F. Supp. 2d  at 703 ("[T]he risk of inconsistent results is especially acute where, as

13  here, the central issues involve claim construction.").

14      The interests of justice weigh heavily in support of transfer to the New York

15  Court.

16  **D.  Modavox's Choice of Forum Is Entitled to Little Weight Here and**
    **Modavox Cannot Argue that the Southern District of New York is**
17  **Inconvenient, Because Modavox Itself Chose to Litigate the Same**
    **Patents Against a Related Defendant Regarding a Related**
18  **Technology in the Southern District of New York**

19      In this case, substantially less deference should be paid to Modavox's choice

20  of forum for several reasons.  First, Modavox's forum choice carries little weight

21  here because there are minimal contacts between this judicial district and the

22  operative facts.  *See Pacific Car & Foundry Co. v. Pence*, 403 F. 2d 949, 954 (9th

23  Cir. 1968) (stating that where the operative facts did not occur within the plaintiff's

24  originally selected forum, the plaintiff's choice "is entitled to only minimal

25  consideration"); *cf. In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008)

26  (granting mandamus petition and reversing district court's denial of accused

27  infringer's motion to transfer infringement action to Ohio, the accused infringer's

28  residence, where the forum had little connection to the operative facts of the alleged

-11-

1    infringement).

2          Second, Modavox's forum choice should be given little consideration

3    because it originally chose to sue and continues to litigate the same patent

4    infringement claims in a different jurisdiction, the Southern District of New York.

5    For the same reason, Modavox cannot claim inconvenience from litigating in the

6    New York Court.

7          Here, Modavox has deliberately filed a nearly identical action in a different

8    jurisdiction that has minimal contacts with the operative facts of the action and that

9    is not Modavox's home forum.  It is difficult to explain Modavox's decision to file

10   in the Central District of California as anything more than forum shopping.  As

11   Judge McMahon, who is presiding over the New York Litigation, noted when she

12   questioned Modavox whether it is suing the Defendants "in a whole bunch of

13   different places in the hope that [it is] going to get different interpretations of the

14   same patents by different judges".  *See supra* pp. 2-3; Gupta Dec. at Ex. L.

15         Therefore, the Court should not accord any deference to Modavox's choice of

16   forum.  *See, e.g.*, *CoxCom, Inc. v. Hybrid Patents Inc.*, No. C-06-7918 MMC, 2007

17   WL 2500982, at *2 (N.D. Cal. Aug. 30, 2007) (transferring declaratory judgment

18   action to the E.D. of Tex. where the patentee had pending another infringement

19   action involving the same patents and related corporate entities to the plaintiff

20   where it appeared that the plaintiff had engaged in forum shopping and judicial

21   economy favored transfer).

22   **IV.   CONCLUSION**

23         For the foregoing reasons, Defendants respectfully request that this Court

24   transfer this action to the United States District Court for the Southern District of

25   New York pursuant to 28 U.S.C. § 1404(a) in the interests of judicial economy and

26   the convenience of the parties and witnesses involved.

27

28

1   Dated: March 2, 2009         Respectfully submitted,

2                            ORRICK, HERRINGTON & SUTCLIFFE LLP

3

                           By: _____ */s/Benjamin Hofileña*_____

4

5                          Benjamin J. Hofileña (SBN 227117)
                          ORRICK, HERRINGTON & SUTCLIFFE LLP
                          777 South Figueroa Street, Suite 3200
6                          Los Angeles, CA 90017
                          Telephone:  +1-213-629-2020
7                          Facsimile:   +1-213-612-2499

8                          Mark D. Litvack (State Bar No. 183652)
                          Michael A. Garabed (State Bar No. 223511)
9                          REED SMITH LLP
                          1901 Avenue of the Stars, Suite 700
10                       Los Angeles, CA 90067
                          Telephone:   +1-310-734-5217
11                       Facsimile:   +1-310-734-5299

12                        Attorneys for Defendants and Counterclaimants
                        AOL LLC, TIME WARNER INC., and
13                       PLATFORM-A INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO TRANSFER ACTION TO U.S. DISTRICT COURT
FOR SOUTHERN DISTRICT OF NEW YORK
CASE NO. CV08-05914 SJO PJW

# PROOF OF SERVICE

I am more than eighteen years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, Suite 3200, Los Angeles, California 90017.

A true and correct copy of the following document listed below, was served by transmission through the electronic service system CM/ECF of the United States District Court, Central District of California:

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER ACTION TO U.S. DISTRICT COURT FOR SOUTHERN DISTRICT OF NEW YORK**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 2, 2009.

The above-referenced document was also served on the following people listed below via the means indicated:

☒  **BY PERSONAL SERVICE**: I caused the above-referenced document to be delivered by hand to the office set forth below:

David R. Shaub
Lisbeth Bosshart
Stephen D. Morgan
SHAUB & WILLIAMS LLP
12121 Wilshire Boulevard, Suite 205
Los Angeles, CA 90025-1165

☒  **BY MAIL:** I caused the above-referenced document to be served by mail by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below:

- 1 -

| **VIA U.S. MAIL**<br>David Rosenbaum<br>Rosenbaum & Associates PC<br>650 Dundee Road Suite 380<br>Northbrook, IL 60062 | **VIA US. MAIL**<br>Mark D Litvack<br>Reed Smith LLP<br>355 South Grand Ave Ste 2900<br>Los Angeles, CA 90071 |
|---|---|

I am employed in the county from which the mailing occurred. On the date indicated above, I placed the sealed envelope(s) for collection and mailing at this firm's office business address indicated above. I am readily familiar with this firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the firm's correspondence would be deposited with the United States Postal Service on this same date with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 2, 2009, at Los Angeles, California.

Shayna Fischer

OHS West:260619253.1
19528-2007 BJH/SF5

- 2 -