Benjamin J. Hofileña (State Bar No. 227117)
bhofilena@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: +1-213-629-2020
Facsimile: +1-213-612-2499

Mark D. Litvack (State Bar No. 183652)
mlitvack@reedsmith.com
Michael A. Garabed (State Bar No. 223511)
mgarabed@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA 90067
Telephone: +1-310-734-5200
Facsimile: +1-310-734-5299

Attorneys for Defendants and Counterclaimants
AOL LLC, Time Warner Inc., and Platform-A Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MODAVOX, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AOL LLC, a Delaware limited liability company, Time Warner Inc., a Delaware corporation, and Platform-A, Inc., a Maryland corporation,<br><br>Defendants<br><br>AOL LLC, a Delaware limited liability company, Time Warner Inc., a Delaware corporation, and Platform-A, Inc., a Maryland corporation,<br><br>Counterclaimants,<br><br>v.<br><br>MODAVOX, INC., a Delaware corporation,<br><br>Counter-Defendant | CASE NO. CV08-05914 SJO (PJW)<br><br>**DEFENDANTS' CORRECTED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS FOR DECLARATORY RELIEF**<br><br>JURY TRIAL DEMANDED<br><br>Honorable S. James Otero<br><br>Action Filed: September 10, 2008<br>Trial Date: None Set |

Counsel for the parties have met and conferred regarding a motion to be filed by Defendants AOL LLC ("AOL"), Time Warner Inc. ("Time Warner"), and Platform-A Inc. ("Platform-A") (collectively, the "AOL Defendants") to transfer this action to the Southern District of New York, based (inter alia) on an action that has been pending there for eighteen months brought by Modavox against a subsidiary of Platform-A based on the same patents asserted in the action currently before this Court. The AOL Defendants will file the motion when allowed to do so under the Local Rules.

Defendants also respectfully submit this answer and affirmative defenses to the First Amended Complaint for Trademark Infringement and Patent Infringement ("Complaint") filed by Modavox, Inc. ("Modavox") and assert counterclaims as follows:

## ANSWER

## NATURE OF THE ACTION AND THE PARTIES

1. The AOL Defendants admit that the Complaint alleges acts of infringement in connection with AOL's purported use of "BOOMBOX" as a trademark. The AOL Defendants also admit that the Complaint alleges acts of infringement by Time Warner and Platform-A of U.S. Patent No. 6,594,691 ("the '691 patent") and U.S. Patent No. 7,269,636 ("the '636 patent") and that copies of the '691 and '636 patents are attached to the Complaint. The AOL Defendants deny the merits of these claims.

2. On information and belief, the AOL Defendants admit the averments in paragraph 2 of the Complaint.

3. The AOL Defendants deny the averments in paragraph 3 of the Complaint, but admit that AOL is a Delaware limited liability company with its principal place of business at 22000 AOL Way, Dulles, Virginia 20166, and its corporate headquarters in New York.

- 1 -

    4.     The AOL Defendants admit the averments in paragraph 4 of the Complaint.

    5.     The AOL Defendants deny the averments in paragraph 5 of the Complaint, but admit that Platform-A is a <u>Maryland</u> corporation with its principal place of business at 1020 Hull Street, Baltimore, Maryland 21230, and its corporate headquarters in New York.

    6.     The AOL Defendants deny the averments in paragraph 6 of the Complaint.

    7.     The AOL Defendants deny the averments in paragraph 7 of the Complaint.

    8.     The AOL Defendants admit that this Court has subject matter jurisdiction over the federal trademark infringement and federal patent infringement claims asserted in this action, but deny the remaining averments in paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

    9.     The AOL Defendants admit that venue in this judicial district is conferred pursuant to 28 U.S.C. §§ 1391(b) and (c), although this district is not the most convenient forum for this action because of patent infringement litigation concerning the identical patents at issue in this action brought by Modavox against a subsidiary of Platform-A in the United States District Court for the Southern District of New York (Civil Action No. 07-CV-7088 CM (GWG)). This action should be transferred to the Southern District of New York for the convenience of parties and witnesses, and in the interests of justice, pursuant to 28 U.S.C. § 1404(a). The AOL Defendants intend to file such a motion as soon as permitted to do so by the Local Rules.

## ANSWERING THE FIRST CAUSE OF ACTION
(Trademark Infringement under 15 U.S.C. § 1114, et seq.)

(Against AOL)

- 2 -

| | |
|---|---|
| 1 | 10. AOL denies the averments in paragraph 10 of the Complaint. |
| 2 | 11. AOL denies the averments in paragraph 11 of the Complaint. |
| 3 | 12. AOL denies the averments in paragraph 12 of the Complaint. |

13. AOL admits that United States Patent and Trademark Office ("U.S.P.T.O.") Registration No. 2,397,385 for BOOMBOX RADIO was <u>filed</u> on June 7, 1999, but denies that this mark was <u>registered</u> on June 7, 1999.

14. AOL denies the averments in paragraph 14 of the Complaint.

15. AOL denies the averments in paragraph 15 of the Complaint.

16. AOL denies the averments in paragraph 16 of the Complaint.

17. AOL denies the averments in paragraph 17 of the Complaint.

18. AOL admits that Modavox has alleged that AOL's use of "BOOMBOX" violates the Lanham Act, but denies the remaining averments in paragraph 18 of the Complaint.

19. AOL denies the averments in paragraph 19 of the Complaint.

20. AOL denies the averments in paragraph 20 of the Complaint.

21. AOL denies the averments in paragraph 21 of the Complaint.

22. AOL denies the averments in paragraph 22 of the Complaint.

23. AOL denies the averments in paragraph 23 of the Complaint.

24. AOL denies the averments in paragraph 24 of the Complaint.

25. AOL denies the averments in paragraph 25 of the Complaint.

26. AOL denies the averments in paragraph 26 of the Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

(Trademark Infringement, Unfair Competition, and False Designation of Origin – 15 U.S.C. § 1125(a))

(Against AOL)

27. AOL incorporates herein by reference the responses to paragraphs 1 through 26, inclusive, as though fully set forth herein.

28. AOL denies the averments in paragraph 28 of the Complaint.

- 3 -

29. AOL denies the averments in paragraph 29 of the Complaint.

30. AOL denies the averments in paragraph 30 of the Complaint.

31. AOL denies the averments in paragraph 31 of the Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

(Patent Infringement of U.S. Patent No. 6,594,691)

(Against All Defendants)

32. The AOL Defendants incorporate herein by reference the responses to paragraphs 1 through 31, inclusive, as though fully set forth herein.

33. The AOL Defendants admit that as of February 27, 2009, the U.S.P.T.O. online database identifies Modavox as the assignee of the '691 patent, but are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 33 of the Complaint and on that basis deny same.

34. The AOL Defendants admit the averments in the second sentence of paragraph 34 of the Complaint, but deny the averments in the first sentence of paragraph 34 of the Complaint.

35. The AOL Defendants deny the averments in paragraph 35 of the Complaint.

36. The AOL Defendants deny the averments in paragraph 36 of the Complaint.

37. The AOL Defendants deny the averments in paragraph 37 of the Complaint.

38. The AOL Defendants deny the averments in paragraph 38 of the Complaint.

39. The AOL Defendants deny the averments in paragraph 39 of the Complaint.

40. The AOL Defendants deny the averments in paragraph 40 of the Complaint.

41. The AOL Defendants admit that on or about May 16, 2008, Modavox sent to AOL a letter which speaks for itself asserting that AOL was infringing the '691 patent, but deny the remaining averments in paragraph 41 of the Complaint.

42. The AOL Defendants deny the averments in paragraph 42 of the Complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION

(Patent Infringement of U.S. Patent No. 7,269,636)

(Against All Defendants)

43. The AOL Defendants incorporate herein by reference the responses to paragraphs 1 through 42, inclusive, as though fully set forth herein.

44. The AOL Defendants admit that as of February 27, 2009, the U.S.P.T.O. online database identifies Modavox as the assignee of the '636 patent, but are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 44 of the Complaint and on that basis deny same.

45. The AOL Defendants admit the averments in the second sentence of paragraph 45 of the Complaint, but deny the averments in the first sentence of paragraph 45 of the Complaint.

46. The AOL Defendants deny the averments in paragraph 46 of the Complaint.

47. The AOL Defendants deny the averments in paragraph 47 of the Complaint.

48. The AOL Defendants deny the averments in paragraph 48 of the Complaint.

49. The AOL Defendants deny the averments in paragraph 49 of the Complaint.

50. The AOL Defendants deny the averments in paragraph 50 of the Complaint.

51. The AOL Defendants deny the averments in paragraph 51 of the Complaint.

52. The AOL Defendants admit that on or about May 16, 2008, Modavox sent to AOL a letter which speaks for itself asserting that AOL was infringing the '691 patent, but deny the remaining averments in paragraph 52 of the Complaint.

53. The AOL Defendants deny the averments in paragraph 53 of the Complaint.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, the AOL Defendants assert the following affirmative defenses and reserve the right to amend their answer to plead additional defenses as further information is obtained.

### First Defense: Noninfringement

54. The AOL Defendants have not and do not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, any claim of the '691 or '636 patents.

### Second Defense: Invalidity

55. On information and belief, the asserted claims of the '691 and '636 patents are invalid because they fail to comply with one or more of the requirements of the Patent Laws of the United States, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

### Third Defense: Prosecution History/Claim Construction Estoppel

56. On information and belief, as a result of the proceedings before the United States Patent and Trademark office during the prosecution of the applications that ultimately issued as the '691 and '636 patents and/or the application or applications to which the '691 and '636 patents claim priority, Modavox is estopped from asserting any construction of the claims of the '691 and '636 patents sufficiently broad to cover or include any product made, used, sold, offered for sale, or imported into the United States by any of the AOL Defendants

- 6 -

and are further estopped from arguing infringement under the doctrine of equivalents.

### Fourth Defense: Failure to Mark

57. Prior to May 16, 2008, none of the AOL Defendants had actual nor constructive notice of any act of alleged infringement, and, on information and belief, to the extent any of Modavox's products or its licensees use the subject matter of any claims of the '691 and '636 patents, Modavox's failure to mark its products and its failure to require any licensees to mark their products pursuant to 35 U.S.C. § 287 precludes Modavox from recovering damages pursuant to that provision.

### Fifth Defense: Laches

58. On information and belief, pursuant to the equitable doctrine of laches, Modavox's claims for damages are barred because of Modavox's delay in commencing this action.

### Sixth Defense: Unavailability of Injunctive Relief (Adequate Remedy of Law)

59. Claims by Modavox for injunctive relief are barred as a matter of law because Modavox has an adequate remedy at law for any claims included in this Complaint on which Modavox may ultimately prevail.

### Seventh Defense: Unavailability of Injunctive Relief (Undue Delay)

60. Claims by Modavox for injunctive relief are barred in whole or in part because of Modavox's undue delay in seeking such relief.

### Eighth Defense: Unavailability of Injunctive Relief (No Irreparable Harm)

61. Claims by Modavox for injunctive relief are barred as a matter of law because Modavox has not suffered any irreparable harm as a result of the acts alleged in the Complaint.

### Ninth Defense: Unavailability of Injunctive Relief (Prosecution Laches)

62. Pursuant to the equitable doctrine of laches, Modavox's claims for damages are barred because of Modavox's delay in prosecuting the applications

that ultimately issued as the '691 and '636 patents and/or the application or applications to which the '691 and '636 patents claim priority.

### Tenth Defense: Statute of Limitations

63. Claims by Modavox are barred in whole or part by the applicable statute of limitations.

### Eleventh Defense: Lack of Standing

64. Claims by Modavox are barred in whole or part because Modavox lacks the legal standing to sue.

### Twelfth Defense: Trademark Invalidity

65. Claims brought by Modavox under the Lanham Act are barred because Modavox's use of its alleged trademark is inconsistent with its alleged registration and should therefore be cancelled due to fraud.

### Thirteenth Defense: Unclean Hands

66. Claims brought by Modavox under the Lanham Act are barred because of Modavox's unclean hands.

## COUNTERCLAIMS

1. Counterclaimants AOL LLC ("AOL"), Time Warner Inc. ("Time Warner"), and Platform-A Inc. ("Platform-A") (collectively, the "AOL Counterclaimants") allege the following Counterclaims for Declaratory Judgment against Counter-Defendant Modavox, Inc. ("Modavox"):

2. These are counterclaims for a declaratory judgment of non-infringement and invalidity of U.S. Patent No. 6,594,691 ("the '691 patent"), U.S. Patent No. 7,269,636 ("the '636 patent"), and U.S. Trademark Registration No. 2,397,385 ("the '385 mark").

### THE PARTIES

3. Counterclaimant AOL LLC is a Delaware limited liability company.

4. Counterclaimant Time Warner Inc. is a Delaware corporation.

5. Counterclaimant Platform-A Inc. is a Maryland corporation.

- 8 -

6. On information and belief, Counter-Defendant Modavox is a Delaware corporation.

## JURISDICTION AND VENUE

7. The AOL Counterclaimants bring this action under the Declaratory Judgments Act, 28 U.S.C. § 2201 for a declaratory judgment of noninfringement and invalidity of the '691 and '636 patents under the Patent Laws of the United States, 35 U.S.C. §§ 101 et seq., and for a declaratory judgment of invalidity of the '385 mark pursuant to the Lanham Act. Because this action arises under the Patent Laws of the United States and the Lanham Act, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Venue in this judicial district is conferred pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), although this district is not the most convenient forum for this action because of patent infringement litigation concerning the identical patents at issue in this action brought by Modavox against a subsidiary of Platform-A in the United States District Court for the Southern District of New York (Civil Action No. 07-CV-7088 CM (GWG)). This action should be transferred to the Southern District of New York for the convenience of parties and witnesses, and in the interests of justice, pursuant to 28 U.S.C. § 1404(a).

9. This Court has personal jurisdiction over Modavox because Modavox has submitted to the jurisdiction of this Court by filing the Complaint in this action.

## BACKGROUND

10. The AOL Counterclaimants incorporate by reference the allegations set forth in paragraphs 1 through 9 of the Counterclaims above, as though fully asserted herein.

11. In this action, Modavox has accused the AOL Counterclaimants of making, using, selling, offering for sale, or inducing others to use in the United States methods and related devices in purported infringement of the '691 and '636

- 9 -

patents. Modavox has also accused AOL of infringement and unfair competition with respect to the '385 mark.

12. This declaratory judgment action stems from an actual controversy between the AOL Counterclaimants and Modavox, as evidenced by, inter alia, the Complaint and Answer in this action.

## AOL COUNTERCLAIMANTS' CLAIMS FOR RELIEF

## COUNT 1

(Declaratory Judgment of Noninfringement of U.S. Patent No. 6,594,691)

13. The AOL Counterclaimants incorporate by reference the allegations set forth in paragraphs 1 through 12 of the Counterclaims above, as though fully asserted herein.

14. U.S. Patent No. 6,594,691, entitled "Method and System for Adding Function to a Web Page," was issued by the United States Patent and Trademark Office.

15. Counter-Defendant Modavox has filed this infringement suit against the AOL Counterclaimants, alleging that they are infringing the '691 patent as set forth in Modavox's Complaint.

16. The AOL Counterclaimants have not infringed and are not infringing, either directly or indirectly, contributorily or otherwise any of the claims of the '691 patent.

17. The AOL Counterclaimants seek a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '691 patent to be not infringed by the AOL Counterclaimants and granting the AOL Counterclaimants all other declaratory relief to which they may be entitled.

## COUNT 2

### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,594,691)

18. The AOL Counterclaimants incorporate by reference the allegations set forth in paragraphs 1 through 17 of the Counterclaims above, as though fully asserted herein.

19. On information and belief, and based on the AOL Counterclaimants' investigation to date, the claims of the '691 patent are invalid because they fail to comply with one or more requirements of the Patent Laws of the United States, including, but not limited to, 35 U.S.C. §§ 102, 103, 112, and/or 256.

20. The AOL Counterclaimants seek a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '691 patent to be invalid for reasons including but not limited to failure to comply with one or more of 35 U.S.C. §§ 102, 103, 112, and/or 256.

## COUNT 3

### (Declaratory Judgment of Noninfringement of U.S. Patent No. 7,269,636)

21. The AOL Counterclaimants incorporate by reference the allegations set forth in paragraphs 1 through 20 of the Counterclaims above, as though fully asserted herein.

22. U.S. Patent No. 7,269,636, entitled "Method and Code Module for Adding Functionality to a Web Page," was issued by the United States Patent and Trademark Office.

23. Counter-Defendant Modavox has filed this infringement suit against the AOL Counterclaimants, alleging that they are infringing the '636 patent as set forth in Modavox's Complaint.

24. The AOL Counterclaimants have not infringed and are not infringing, either directly or indirectly, contributorily or otherwise any of the claims of the '636 patent.

25. The AOL Counterclaimants seek a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '636 patent to be not infringed by the AOL Counterclaimants and granting the AOL Counterclaimants all other declaratory relief to which they may be entitled.

## COUNT 4

(Declaratory Judgment of Invalidity of U.S. Patent No. 7,269,636)

26. The AOL Counterclaimants incorporate by reference the allegations set forth in paragraphs 1 through 25 of the Counterclaims above, as though fully asserted herein.

27. On information and belief, and based on the AOL Counterclaimants' investigation to date, the claims of the '636 patent are invalid because they fail to comply with one or more requirements of the Patent Laws of the United States, including, but not limited to, 35 U.S.C. §§ 102, 103, 112, and/or 256.

28. The AOL Counterclaimants seek a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring the '636 patent to be invalid for reasons including but not limited to failure to comply with one or more of 35 U.S.C. §§ 102, 103, 112, and/or 256.

## COUNT 5

(Declaratory Judgment of Noninfringement of U.S. Trademark Registration No. 2,397,385)

29. Counterclaimant AOL incorporates by reference the allegations set forth in paragraphs 1 through 28 of the Counterclaims above, as though fully asserted herein.

30. U.S. Trademark Registration No. 2,397,385 was issued by the United States Patent and Trademark Office.

31. Counter-Defendant Modavox has filed this infringement suit against AOL alleging that AOL is infringing the '385 mark as set forth in Modavox's Complaint.

32. Counterclaimant AOL has not infringed and is not infringing, either directly or indirectly, on Modavox's alleged rights with respect to the '385 mark.

33. Counterclaimant AOL seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and the Lanham Act, 15 U.S.C. § 1114 et seq. declaring the '385 mark to be not infringed by Counterclaimant AOL and granting Counterclaimant AOL all other declaratory relief to which it may be entitled.

## COUNT 6

### (Declaratory Judgment of Invalidity and Cancellation of U.S. Trademark Registration No. 2,397,385)

34. Counterclaimant AOL incorporates by reference the allegations set forth in paragraphs 1 through 33 of the Counterclaims above, as though fully asserted herein.

35. On information and belief, and based on Counterclaimant AOL's investigation to date, the '385 mark is invalid because Modavox's use of the '385 mark is inconsistent with Modavox's alleged registration. As a result, the '385 mark should be cancelled due to fraud.

36. Counterclaimant AOL seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and the Lanham Act, 15 U.S.C. § 1115 declaring the '385 mark to be invalid for reasons including, but not limited to, fraudulent use.

## PRAYER FOR RELIEF

WHEREFORE, AOL, Time Warner, and Platform-A request that this Court enter judgment in their favor and grant the following relief:

A. The Court enter judgment against Modavox, and dismiss with prejudice, any and all claims of its Complaint;

B. A declaration that Modavox take nothing by way of its Complaint;

C. The Court enter judgment declaring that the AOL Counterclaimants have not willfully or otherwise infringed, contributed to the infringement of, nor induced infringement of any claim of the '691 or '636 patents;

D. The Court enter judgment declaring that the claims of the '691 and '636 patents are invalid;

E. The Court enter judgment declaring that Counterclaimant AOL has not willfully or otherwise infringed, contributed to the infringement of, nor induced infringement of the '385 mark;

F. The Court enter judgment declaring that the '385 mark is invalid;

G. The Court declare that Modavox may not pursue its claims, in whole or in part, because of the affirmative defenses asserted herein;

H. The Court declare that Modavox is not entitled to damages for, or injunctive relief against, any alleged infringement or unfair competition by the AOL Counterclaimants;

I. The Court issue a declaration that this case is "exceptional" under 35 U.S.C. § 285;

J. The Court award the AOL Counterclaimants their costs and expenses for this action, including reasonable attorneys' fees;

K. If Modavox's assets are not sufficient to satisfy the AOL Counterclaimants' costs and expenses for this action, that the Court, in the appropriate manner under Delaware law, reach the assets of any Modavox parent entity to satisfy the Court's award; and

L. The Court grant to the AOL Counterclaimants such other and further relief as the Court deems just and appropriate under the circumstances.

- 14 -

# DEMAND FOR JURY TRIAL

The AOL Counterclaimants hereby demand a trial by jury on all issues so triable.

Dated: March 2, 2009

Respectfully submitted,

Orrick, Herrington & Sutcliffe LLP

_____
Benjamin J. Hofileña

Benjamin J. Hofileña (SBN 227117)
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone:   +1-213-629-2020
Facsimile:   +1-213-612-2499

Mark D. Litvack (State Bar No. 183652)
Michael A. Garabed (State Bar No. 223511)
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA 90067
Telephone:   +1-310-734-5217
Facsimile:   +1-310-734-5299

Attorneys for Defendants and Counterclaimants AOL LLC, Time Warner Inc., and Platform-A Inc.

- 15 -

DEFENDANTS' CORRECTED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

| | |
|---|---|
| 1 | **PROOF OF SERVICE BY MAIL** |
| 2 | I am more than eighteen years old and not a party to this action. My business |
| 3 | address is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, Suite |
| 4 | 3200, Los Angeles, California 90017. On March 2, 2009, I served the following |
| 5 | document(s): |
| 6 | **DEFENDANTS' CORRECTED ANSWER TO PLAINTIFF'S FIRST** |
| 7 | **AMENDED COMPLAINT AND COUNTERCLAIMS FOR** |
| 8 | **DECLARATORY RELIEF** |
| 9 | on the interested parties in this action by placing true and correct copies thereof in |
| 10 | sealed envelope(s) addressed as follows: |

<u>Attorneys for Plaintiff Modavox, Inc.</u>:
David R. Shaub
Lisbeth Bosshart
Stephen D. Morgan
SHAUB & WILLIAMS LLP
12121 Wilshire Boulevard, Suite 205
Los Angeles, CA 90025-1165

David Rosenbaum *(pro hac vice application in process)*
ROSENBAUM & ASSOCIATES, P.C.
650 Dundee Road, Suite 380
Northbrook, IL 60062

Attorneys for Defendants and Counterclaimants AOL LLC, Time Warner Inc. and Platform A Inc.:

Mark D. Litvack
Michael A. Garabed
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA 90067

I am employed in the county from which the mailing occurred. On the date indicated above, I placed the sealed envelope(s) for collection and mailing at this firm's office business address indicated above. I am readily familiar with this firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the firm's correspondence would be deposited with the United States Postal Service on this same date with postage thereon fully prepaid in the ordinary course of business.

OHS West:260618858.1

- 1 -

PROOF OF SERVICE

| | |
|---|---|
| 1 | I declare under penalty of perjury that the foregoing is true and correct. |
| 2 | Executed on March 2, 2009, at Los Angeles, California. |
| 3 | |
| 4 | |
| 5 | _____ |
| | BENJAMIN HOFILEÑA |

OHS West:260618858.1     - 2 -