David R. Shaub (SBN 032322)
Lisbeth Bosshart (SBN 201822)
Stephen D. Morgan (SBN 239345)
SHAUB & WILLIAMS LLP
12121 Wilshire Boulevard, Suite 205
Los Angeles, CA 90025-1165
(310) 826-6678; (310) 826-8042 (fax)
lawfirm@sw-law.com

David Rosenbaum (*pro hac vice application in process*)
ROSENBAUM & ASSOCIATES, P.C.
650 Dundee Road, Suite 380
Northbrook, IL 60062
(847) 770-6000; (847) 770-6006 (fax)
drosenbaum@biopatentlaw.com

Attorneys for Plaintiff Modavox, Inc., a Delaware Corporation

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MODAVOX, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AOL LLC, a Delaware Limited Liability Company; Time Warner, Inc., a Delaware Corporation; Platform-A, Inc., a Maryland Corporation;<br><br>Defendants. | CASE NO. CV08-05914 SJO PJWx<br>(The Hon. S. James Otero)<br><br>**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS**<br><br>**JURY TRIAL PREVIOUSLY DEMANDED**<br><br>Filed: September 10, 2008<br>Trial: None Set |

///

## MODAVOX, INC.'S ANSWER TO COUNTERCLAIMS

Counterclaim Defendant Modavox, Inc., ("Modavox") by its attorneys answers AOL LLC ("AOL"), Time Warner, Inc. ("Time Warner"), and Platform-A, Inc.'s ("Platform-A") (collectively, the "AOL Counterclaimants") Answer to the Counterclaims of Counterclaimants as follows:

## COUNTERCLAIMS

1. Modavox admits that paragraph 1. of the Counterclaims, commencing at page 8 of Defendants' Answer, states that the claims are for declaratory judgment against Modavox as a counterclaim defendant.

2. Modavox admits in response to paragraph 2 of the Counterclaims that the Counterclaims are for declaratory judgment alleging non-infringement and invalidity of U.S. Patent No. 6,594,691 ("the '691 patent") and U.S. Patent No. 7,269,636 ("the '636 patent") and U.S. Trademark Registration No. 2,397,385 ("the '385 mark"), but otherwise denies any allegations of non-infringement and invalidity.

## THE PARTIES

3. Modavox admits that Counterclaim Plaintiff AOL is a Delaware limited liability company.

4. Modavox admits that Counterclaim Plaintiff Time Warner is a Delaware corporation.

5. Modavox admits that Counterclaim Plaintiff Platform-A is a Maryland corporation.

6. Modavox admits that it is a Delaware corporation.

## JURISICTION AND VENUE

7.  With respect to paragraph 7 of the Counterclaims, Modavox admits that the Counterclaims bring an action under 28 U.S.C. § 2201 involving allegations of non-infringement and invalidity of the '691 patent and the '636 patent under 35 U.S.C. § 101 et seq. and of invalidity of the '385 mark pursuant to the Lanham Act. Modavox further admits that this action arises under the Patent Laws of the United States and the Lanham Act stet that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.  Modavox admits that venue in this judicial district is conferred pursuant to 28 U.S.C. §§ 1391(b) 1391(c). Modavox otherwise denies all other allegations in paragraph 7 of the Counterclaims.

9.  Modavox admits the allegations in paragraph 9 of the Counterclaims.

## BACKGROUND

10. Modavox refers to and incorporates herein its response in paragraphs 1-9 above.

11. Modavox admits the allegations in paragraph 11 of the Counterclaims.

12. Modavox admits the allegations in paragraph 12 of the Counterclaims.

## AOL COUNTERCLAIM PLAINTIFF'S CLAIM FOR RELIEF
## COUNT 1

Declaratory Judgment of Non-infringement of U.S. Patent No. 6,594,691

13. Modavox refers to and incorporates herein its responses in paragraphs 1-12 above.

14. Modavox admits the allegations in paragraph 14 of the Counterclaims.

15. Modavox admits the allegations in paragraph 15 of the Counterclaims.

16. Modavox denies all allegations in paragraph 16 of the Counterclaims.

17. Paragraph 17 of the Counterclaims is a request for declaratory judgment to which no response is required. To the extent that any response is required, Modavox admits that the AOL Counterclaimants are seeking a declaratory judgment from this Court and that this declaratory action proceeds under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, but Modavox otherwise denies all other allegations in paragraph 17 of the Counterclaims, including those alleging that the AOL Counterclaimants are not infringing the '691 patent and those alleging they are entitled to any declaratory judgment thereto or other declaratory relief.

## COUNT 2
### Declaratory Judgment of Invalidity of U.S. Patent No. 6,594,691

18. Modavox refers to and incorporates herein its responses in paragraphs 1-17 above.

19. Modavox denies all allegations in paragraph 19 of the Counterclaims.

20. Paragraph 20 of the Counterclaims is a request for declaratory judgment to which no response is required. To the extent that any response is required, Modavox admits that the AOL Counterclaimants are seeking a declaratory judgment from this Court and that this declaratory action proceeds under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, but Modavox otherwise denies all other allegations in paragraph 20 of the Counterclaims, including those declaring the '691 patent to be invalid for reasons including but not limited to failure to comply with one or more of 35 U.S.C. §§ 102, 103, 112, and/or 256.

## COUNT 3

Declaratory Judgment of Non-infringement of U.S. Patent No. 7,269,636

21. Modavox refers to and incorporates herein its responses in paragraphs 1-20 above.

22. Modavox admits the allegations in paragraph 22 of the Counterclaims.

23. Modavox admits the allegations in paragraph 23 of the Counterclaims.

24. Modavox denies all allegations in paragraph 24 of the Counterclaims.

25. Paragraph 25 of the Counterclaims is a request for declaratory judgment to which no response is required. To the extent that any response is required, Modavox admits that the AOL Counterclaimants are seeking a declaratory judgment from this Court and that this declaratory action proceeds under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, but Modavox otherwise denies all other allegations in paragraph 17 of the Counterclaims, including those alleging that the AOL Counterclaimants are not infringing the '636 patent and those alleging they are entitled to any declaratory judgment thereto or other declaratory relief.

## COUNT 4

Declaratory Judgment of Invalidity of U.S. Patent No. 7,269,636

26. Modavox refers to and incorporates herein its responses in paragraphs 1-25 above.

27. Modavox denies all allegations in paragraph 27 of the Counterclaims.

28. Paragraph 28 of the Counterclaims is a request for declaratory judgment to which no response is required. To the extent that any response is required, Modavox admits that the AOL Counterclaimants are seeking a declaratory judgment from this Court and that this declaratory action proceeds under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, but

Modavox otherwise denies all other allegations in paragraph 20 of the Counterclaims, including those declaring the '636 patent to be invalid for reasons including but not limited to failure to comply with one or more of 35 U.S.C. §§ 102, 103, 112, and/or 256.

## COUNT 5

### Declaratory Judgment of Non-infringement of U.S. Trademark Registration No. 2,397,385

29. Modavox refers to and incorporates herein its responses in paragraphs 1-28 above.

30. Modavox admits the allegations in paragraph 30 of the Counterclaims.

31. Modavox admits the allegations in paragraph 31 of the Counterclaims.

32. Modavox denies all allegations in paragraph 32 of the Counterclaims.

33. Paragraph 33 of the Counterclaims is a request for declaratory judgment to which no response is required. To the extent that any response is required, Modavox admits that the AOL Counterclaimants are seeking a declaratory judgment from this Court and that this declaratory action proceeds under Rule 57 of the Federal Rules of Civil Procedure and the Lanham Act, 15 U.S.C. § 1114 et seq., but Modavox otherwise denies all other allegations in paragraph 33 of the Counterclaims, including those alleging that the AOL Counterclaimants are not infringing the '385 mark and those alleging they are entitled to any declaratory judgment thereto or other declaratory relief.

## COUNT 6

### Declaratory Judgment of Invalidity and Cancellation of U.S. Trademark Registration No. 2,397,385

34. Modavox refers to and incorporates herein its responses in paragraphs 1-33 above.

35. Modavox denies all allegations in paragraph 35 of the Counterclaims.

36. Paragraph 36 of the Counterclaims is a request for declaratory judgment to which no response is required. To the extent that any response is required, Modavox admits that the AOL Counterclaimants are seeking a declaratory judgment from this Court and that this declaratory action proceeds under Rule 57 of the Federal Rules of Civil Procedure and the Lanham Act, 15 U.S.C. § 1115, but Modavox otherwise denies all other allegations in paragraph 36 of the Counterclaims, including those declaring the '385 mark to be invalid for reasons including but not limited to, fraudulent use.

WHEREFORE, Modavox prays for judgment:

A. That the AOL Counterclaimants take nothing by way of their Counterclaims and for a dismissal thereof with prejudice.

B. For its reasonable attorneys' fees and the costs of suit incurred herein; and

C. for such other, further or different relief as the Court deems just and proper.

Dated: March 12, 2009

Respectfully submitted,

Shaub & Williams LLP

s/ David R. Shaub        /
David R. Shaub, Esq.

David R. Shaub (SBN 032322)
Lisbeth Bosshart (SBN 201822)
Stephen D. Morgan (SBN 239345)
SHAUB & WILLIAMS LLP
12121 Wilshire Boulevard, Suite 205
Los Angeles, CA 90025-1165
(310) 826-6678; (310) 826-8042 (fax)

7  PLAINTIFF'S ANSWER TO DEFENDAT'S COUNTERCLAIMS
JURY TRIAL PREVIOUSLY DEMANDED

David Rosenbaum (*pro hac vice application in process*)
ROSENBAUM & ASSOCIATES, P.C.
650 Dundee Road, Suite 380
Northbrook, IL 60062
(847) 770-6000; (847) 770-6006 (fax)

Attorneys for Plaintiff Modavox, Inc., a Delaware Corporation

SHAUB & WILLIAMS LLP
12121 WILSHIRE BLVD, STE 205
LOS ANGELES CA, 90025
(310) 826-6678 FAX (310) 826-8042
LAWFIRM@SW-LAW.COM