David R. Shaub (California SBN 032322) (admitted *pro hac vice*)
Lisbeth Bosshart (California SBN 201822) (admitted *pro hac vice*)
Stephen D. Morgan (California SBN 239345)
SHAUB & WILLIAMS LLP
12121 Wilshire Boulevard, Suite 205
Los Angeles, CA 90025-1165
(310) 826-6678; (310) 826-8042 (fax)
lawfirm@sw-law.com

David Rosenbaum
ROSENBAUM & ASSOCIATES, P.C.
650 Dundee Road, Suite 380
Northbrook, IL 60062
(847) 770-6000; (847) 770-6006 (fax)
drosenbaum@biopatentlaw.com

Jay A. Bondell (S.D.N.Y. Bar No. JB8521)
Ladas & Parry LLP
26 West 61st Street
New York, NY 10023
(212) 708-1800; (212) 246-8959 (fax)

Attorneys for Plaintiff Modavox, Inc., a Delaware Corporation

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MODAVOX, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AOL LLC, a Delaware Limited Liability Company; Time Warner, Inc., a Delaware Corporation; Platform-A, Inc., a Maryland Corporation;<br><br>Defendants. | CASE NO. 09 Civ. 04299 (RWS)<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; MEMORANDUM OF AUTHORITIES AND DECLARATION OF LISBETH BOSSHART, ESQ. IN SUPPORT**<br><br>[F.R.C.P. 15]<br><br>Filed: September 10, 2008<br>Trial: None Set |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 8, 2009, or as soon thereafter as the matter may be heard, Plaintiff Modavox, Inc. ("Modavox") will move this Court, before the Honorable Robert W. Sweet, at the above-referenced Court located at 500 Pearl Street, New York, New York 10007, for leave to allow Modavox to file a Second Amended Complaint.

The motion will be made pursuant to Rule 15 of the Federal Rules of Civil Procedure on the ground that new facts occurring and/or discovered after Modavox filed its First Amended Complaint compel Modavox to amend its First Amended Complaint to accurately reflect its claims.

This motion will be based on this notice of motion, the memorandum of points and authorities set forth below, the attached declaration of Lisbeth Bosshart, Esq., the papers, records and files herein and on such oral and documentary evidence as may be presented at the hearing on the motion.

Dated: September 2, 2009                         SHAUB & WILLIAMS LLP

                                                 _L. Bosh_____
                                                 David R. Shaub,
                                                 Lisbeth Bosshart,
                                                 Stephen D. Morgan,
                                                 Attorneys for Plaintiff,
                                                 MODAVOX, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

On September 10, 2008, Plaintiff Modavox, Inc. ("Plaintiff" or "Modavox") filed its complaint in this action, asserting causes of action for Trademark Infringement under 15 U.S.C. §1114 and Trademark Infringement, Unfair Competition and False Designation of Origin under 15 U.S.C. §1125(a) against AOL, LLC. On January 21, 2009, Modavox filed its First Amended Complaint ("FAC"), adding causes of action for infringement of Modavox's patents number 6,594,691 and 7,269,636 against Defendant AOL, as well as Time Warner, Inc. ("Time Warner") and Platform-A, Inc. ("Platform-A").

As yet, no trial date, discovery cutoff date, or any other such dates have been set. Although Modavox has received some documents in the Tacoda Action, described below, that have provided evidence showing that Modavox should expand its trademark claims to Defendant Platform-A in the instant action, none of the parties have propounded, let alone responded to, discovery in this action. Declaration of Lisbeth Bosshart, Esq. ("Bosshart Decl.") ¶ 2.

Plaintiff's "Boombox" trademark was registered with the United States Patent and Trademark Office on August 18, 2009, Registration No. 3,668,343. Bosshart Decl. ¶ 3. As already alleged in Plaintiff's First Amended Complaint, Defendants utilize the name "Boombox," without Plaintiff's consent, in connection with product and services virtually identical to Plaintiff's. In light of the recent registration, Plaintiff now has a cause of action against Defendants AOL and Platform-A for infringement of its federally registered mark "Boombox," as well as a cause of action under 15 U.S.C. §1125(a) for infringement of this mark.

Prior to the filing of the instant action, Modavox brought an action against Tacoda, Inc. ("Tacoda") in August of 2007 in the U.S. District Court for the Southern District of New York, alleging causes of action for patent infringement (the "Tacoda Action"). Discovery is ongoing in that action. Tacoda produced hundreds of thousands of pages of documents in that action, which Plaintiff has been reviewing since receiving each of Tacoda's productions. From its review of those documents, and its investigation in connection with that review, Modavox now has a better understanding of the relationship between Defendants AOL and Platform-A and is now aware that Platform-A, as well as AOL, is infringing its trademarks such that Platform-A should be an additional defendant to all of Modavox's trademark causes of action. Bosshart Decl. ¶ 4.

Additionally, in connection with its preparation of its Opposition to Defendants' Motion to Sever Claims Pursuant to FRCP 21, filed on August 11, 2009, Modavox again reviewed defendants' infringing websites, which make clear that AOL's infringing website theboombox.com is powered by Platform-A, and along with Modavox's review of the aforementioned documents and investigation in connection therewith, that Platform-A should be named as a defendant to Plaintiff's trademark causes of action. Bosshart Decl. ¶ 5.

Due to the foregoing, Modavox moves for leave to file its Second Amended Complaint. As shown herein, allowing Modavox such leave will afford Modavox the opportunity to have its claims fully adjudicated and is neither futile nor brought in bad faith. Further, allowing Modavox to amend its complaint will not cause undue delay and will not prejudice defendants. Accordingly, leave to amend should be granted.

///

///

///

## II.

## THE PROPOSED SECOND AMENDED COMPLAINT

Filed concurrently herewith for the Court's review is a redline version of Modavox's [Proposed] Second Amended Complaint. The differences between it and the First Amended Complaint are as follows:

1. The caption page was amended to add the third and fourth causes of action for Trademark Infringement in connection with Plaintiff's trademark — "BOOMBOX" — recently registered by the United States Patent and Trademark Office.

2. The caption page was changed to reflect that this action is now pending before the United States District Court for the Southern District of New York.

3. A limited number of cosmetic changes were made to the caption page.

4. The footer was amended to reflect that the complaint at issue is now the [Proposed] Second Amended Complaint.

5. Paragraph 1 was modified to reflect that Defendant Platform-A is now a defendant to Plaintiff's trademark claims and to reflect that Plaintiff added claims of infringement against AOL and Platform-A for infringement of its now federally registered mark "BOOMBOX."

6. The heading to the First Cause of Action, on page 3, was modified to make clear that the First Cause of Action pertains to Plaintiff's "Boombox Radio" trademark. The heading was further modified to add Platform-A as a defendant to this cause of action.

7. In paragraph 10, line 26-27, AOL was deleted and MODAVOX was stated in its place. This was a typo in the First Amended Complaint.

8. Paragraph 13, lines 9-10 were modified to make clear that the First Cause of Action pertains to Plaintiff's "Boombox Radio" trademark. Paragraph 14, lines 12-13 and paragraph 15, lines 14-15 were modified for the same reason.

9. Paragraph 15, lines 17-20 were modified to make clear that Plaintiff's websites, which are identified by its Boombox Radio mark, employ Plaintiff's patented technology.

10. Paragraph 16, lines 23-26 were modified to make clear that the First Cause of Action pertains to Plaintiff's "Boombox Radio" trademark and line 26-27 of that paragraph were modified so that the tense would be correct.

11. Throughout the remainder of the [Proposed] Second Amended Complaint, changes were made, as shown in the redline version of the [Proposed] Second Amended Complaint, in order to ensure correct grammar, usage of tense, dates of signature, and numbering of paragraphs and causes of action.

12. Paragraph 19, lines 10-11 were modified to make clear that Plaintiff's websites, which are identified by its Boombox Radio mark, employ Plaintiff's patented technology.

13. Paragraph 21, lines 19-20 and paragraph 23, lines 23-24 were modified to make clear that Platform-A is now a defendant to the First Cause of Action.

14. The heading to the Second Cause of Action, on page 6, was modified to make clear that the Second Cause of Action pertains to Plaintiff's "Boombox Radio" trademark. The heading was further modified to add Platform-A as a defendant to this cause of action.

15. The heading to the Third Cause of Action, on page 7, was modified to make clear that the Third Cause of Action pertains to Plaintiff's "Boombox" trademark.

16. Paragraphs 33-49 were added based on Plaintiff's claim for infringement of Plaintiff's "Boombox" trademark, recently registered by the United States Patent and Trademark Office.

17. Paragraphs 50-54 were added based on Plaintiff's claim for infringement of Plaintiff's "Boombox" trademark, recently registered by the United States Patent and Trademark Office.

18. The Prayer for Relief was Amended to add Platform-A to the prayer for Plaintiff's First Cause of Action and Second Cause of Action and to make clear that the prayer for these causes of action pertain to Plaintiff's "Boombox Radio" trademark.

19. The Prayer for Relief was Amended to add prayers for Plaintiff's new Third Cause of Action and Fourth Cause of Action, for infringement of Plaintiff's "Boombox" trademark against defendants AOL and Platform-A.

## III.
## PLAINTIFF SHOULD BE PERMITTED TO AMEND ITS COMPLAINT

A. **Legal Standard Governing Motions for Leave to Amend Complaints.**

Federal Rule of Civil Procedure 15(a) provides that after an answer has been filed, a plaintiff may amend a complaint by leave of the court. It further states that such leave "shall be freely given when justice so requires."

The United States Supreme Court in *Foman v. Davis*, 371 U.S. 178, 182 (1962) held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason...the leave sought should, as the rules require, be 'freely given.'"

The court abuses its discretion in denying leave to amend in the absence of reasons such as undue delay, bad faith, or dilatory motive by the movant. 1 James Wm. Moore et al., Moore's Federal Rules Pamphlet §15.2[2][a].

The Second Circuit repeatedly has held that a motion to amend should be denied only for good reason such as "'undue delay, bad faith, futility of amendment, and perhaps most important, the resulting prejudice to the opposing party.'" *Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647, 653 n. 6 (2d Cir. 1987) (quoting *State Teachers Retirement Bd v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *Tokio Marine & Fire Ins. Co. v. Employers, Ins. Of Wasau*, 786 F.2d 101, 103 (2d Cir. 1986); See also *Foman*, 371 U.S. at 182.

This liberal policy favoring amendments is based largely upon the policy of having "'decision on the merits, rather than on the pleadings or technicalities.'" *CBS, Inc. v. Ahem*, 108 F.R.D. 14, 18 n. 4 (S.D.N.Y. 1985) (citing *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981), (citing *Conley v. Gibson*, 355 U.S. 41, 47-48 n. 9, 2 L. Ed. 2d 80, 78 S.Ct. 99 (1957)).

### B. Defendants Will Not Be Prejudiced by Plaintiff Filing Its Second Amended Complaint.

Leave to amend should only be denied if the opposing party makes a showing of undue prejudice, bad faith, or dilatory motive on the part of the moving party. Absent such circumstances, a court abuses its discretion in denying leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The most common reasons for denying leave to amend are prejudice, delay, and futility, none of which are applicable here. 1 *James Wm. Moore et al., Moore's Federal Practice*, § 15.3[2][b].

Modavox's Proposed Second Amended Complaint ("SAC") adds causes of action for infringement of Modavox's federally registered trademark "Boombox."

In addition, Modavox's SAC extends its trademark claims to Defendant Platform-A and provides clarification of its earlier allegations in connection with its trademark claims.

Defendants will not be prejudiced by Modavox's additions to its complaint. First, no trial date, discovery cutoff date, or any other such dates have been set. None of the parties have propounded written discovery or taken any depositions in this action. Hence, Defendants have ample time to investigate Modavox's claims in preparation for trial.

Further, even if this action were closer to trial, defendants were aware of the facts supporting Modavox's additional allegations and no surprise to defendants would result from the SAC. In particular, Modavox's claims based on its "Boombox" trademark are nearly identical to its causes of action for infringement of its "Boombox Radio" trademark. Defendants' acts of infringement are the same and Modavox's trademarks are based on a similar use of the respective marks. As to Modavox's extension of its trademark claims to Defendant Platform-A, Platform-A is a former division of Defendant AOL that is now an incorporated subsidiary of AOL and accordingly, has been aware of this action, including the trademark claims, since its inception. Further, Platform-A has been a defendant (to the patent claims in this action) since the First Amended Complaint was filed and chose to utilize the same attorneys of record as all other defendants. What is more, Defendant Platform-A has known all along that is the entity which powers theboombox.com website.

Indeed, Defendants have been aware of Modavox's claims in its SAC — in large part merely modifications of its existing claims — for some time, and even had they not been so aware, Defendants have ample time to investigate Modavox's claims before a trial in this action. As a result, Defendants will suffer no undue prejudice as a result of Modavox's SAC.

8     **MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

### C. Modavox Did Not Unduly Delay in Bringing Its Amendments, and The Amendments Are Not Brought in Bad Faith.

It is well-established in this Circuit that "mere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend.'" *Richardson Greenshields v. Mui-Hin Lau, et al.*, 825 F.2d 647, 653 n. 6 (2d Cir. 1987)(quoting *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)).

There is no time limit on motions to amend, and leave may be sought at any stage of the litigation. *See F.R.C.P.* 15(b). Even when the motion to amend occurs on the eve of trial and could have been raised previously, parties have been permitted to amend the complaint. *See Hanlin v. Mitchelson,* 794 F.2d 834 (2d Cir. 1986). Any prejudice resulting from the relative lateness of this amendment would have to be substantial, such as an amendment after the time for discovery had expired *and* where the new claims were based on different operative facts. *Ansam Ass'n. V. Cola Petroleum, Ltd.*, 760 F. 2d 442 (2d Cir. 1985).

First, as discussed above, the instant action is near the beginning. No trial date, discovery cutoff date, or any other such dates have been set and none of the parties have propounded, let alone responded to, discovery. Hence, Modavox's SAC would be filed early on in the action, not right before trial or at some point in time at which delay may be at issue.

Even if this action further along, Modavox did not delay in bringing the instant motion. Plaintiff's "Boombox" trademark was registered with the United States Patent and Trademark Office on August 18, 2009, Registration No. 3,668,343. As already alleged in Plaintiff's First Amended Complaint, Defendants utilize the name "Boombox," without Plaintiff's consent, in connection with product and services virtually identical to Plaintiff's. In light of the recent registration, Plaintiff now has a cause of action against Defendants AOL and

Platform-A for infringement of its federally registered mark "Boombox," as well as a cause of action under 15 U.S.C. §1125(a) for infringement of this mark.

Additionally, as discussed above, recently in connection with its preparation of its Opposition to Defendants' Motion to Sever Claims Pursuant to FRCP 21, filed on August 11, 2009, Modavox again reviewed and investigated defendants' infringing websites, which, along with Modavox's review of documents provide in the Tacoda Action, also described above, now make clear that AOL's infringing website theboombox.com is powered by Platform-A such that Platform-A should be named as a defendant to Plaintiff's trademark causes of action. To be sure, Modavox has not delayed in bringing this motion in connection with the same.

Still further, here the new claims are based on the same operative facts. In particular, Modavox's claims based on its "Boombox" trademark are nearly identical to its causes of action for infringement of its "Boombox Radio" trademark. Defendants' acts of infringement are the same and Modavox's trademarks are based on a similar use of the respective marks. As to Modavox's extension of its claims to Defendant Platform-A, Platform-A is a former division of Defendant AOL that is now an incorporated subsidiary of AOL, which has been a defendant in this action since the First Amended Complaint and employs the same attorneys of record as all other defendants. Platform-A has been aware of Modavox's trademark claims since Modavox filed them.

As discussed above, Modavox did not delay in bringing its Motion, and further, the additions set forth in its SAC are based on the same operative facts as its claims in the First Amended Complaint, which all defendants have been aware since the commencement of this action.

///

///

///

### D. The Amendments to the Complaint Are Not Futile.

A court should deny leave to amend a pleading when the proposed amendment clearly is frivolous or advances a claim that is legally insufficient on its face. *See e.g., Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990). In addressing whether an amendment will be futile, "an inquiry must be made comparable to that required by Fed. R. Civ. P. 12(b)(6);" *Ragin v. Harry Macklowe Real Estate Co.*, 126 F.R.D. 475, 478 (S.D.N.Y. 1989). Thus, the Court must construe the facts alleged by the moving party as true and "it must appear beyond doubt that the plaintiff can prove no set of facts supporting his claim that entitles him to relief." *Id.*

This ground upon which denial of leave to amend may be based is also inapplicable. When an amended complaint is legally insufficient, denial may be appropriate. *See, e.g. Hatch v. Department of Children*, 274 F. 3d 12, 25-26 (1st Cir. 2001)(amendment properly denied when claims to be asserted through amendment would have been barred by qualified immunity). However, "[a] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F. 2d 209, 214 (9th Cir. 1988)(emphasis added).

At bar, the amendments add two causes of action for infringement of Modavox's "Boombox" trademark. As set forth above, Defendants' infringing actions are the same as for causes of action for infringement of Defendants' "Boombox Radio" mark, and Modavox acquired its rights to the respective trademarks based on a similar use of those marks. Defendants have not asserted that Modavox's first and second causes of action for infringement of Modavox's "Boombox Radio" trademark are insufficient. Just as those two causes of action are legally sufficient, so are Modavox's claims for infringement of its "Boombox"

mark, now similarly pled. Also, Modavox's extension of its claims to Defendant Platform-A do not change the facts of its claims, which are legally sufficient to support a claim against Platform-A, a former division of Defendant AOL, now an incorporated subsidiary of AOL, that has been aware of Modavox's trademark claims since Modavox filed them. The new causes of action, as well as the extension of the existing causes of action to Platform-A, have been well-researched and the allegations are legally sufficient to support it. There is no legal insufficiency.

## IV.
## CONCLUSION

Should the court not allow amendment of the present complaint to add the above claims, Modavox will be kept from a full and complete adjudication of issues which arise under its claims in this action, which would violate the spirit and practice of the Federal Rules of Civil Procedure.

Based upon the foregoing, Modavox respectfully requests the Court to grant its Motion for Leave to File Second Amended Complaint and to deem Modavox's Proposed Second Amended Complaint filed forthwith.

Dated: September 2, 2009                    SHAUB & WILLIAMS LLP

                                            /s/ L. Bosshart
                                            David R. Shaub,
                                            Lisbeth Bosshart,
                                            Stephen D. Morgan,
                                            Attorneys for Plaintiff,
                                            MODAVOX, INC.

# DECLARATION OF LISBETH BOSSHART, ESQ.

I, Lisbeth Bosshart declare as follows:

1. I am an attorney at law, license to practice before all the courts of the state of California, as well as the U.S. District Court for the Central District of California and have been admitted *pro hac vice* before this Court in this action. I am a partner with the law firm Shaub & Williams LLP, counsel for Plaintiff Modavox, Inc. ("Plaintiff") in this action.

2. As yet, no trial date, discovery cutoff date, or any other such dates have been set. Although Modavox has received some documents in the Tacoda Action, described below, that have provided evidence showing that Modavox should expand its trademark claims to Defendant Platform-A in the instant action, none of the parties have propounded, let alone responded to, discovery in this case.

3. Plaintiff's "Boombox" trademark was registered with the United States Patent and Trademark Office on August 18, 2009, Registration No. 3,668,343.

4. Prior to the filing of the instant action, Modavox brought an action against Tacoda, Inc. ("Tacoda") in August of 2007 in the U.S. District Court for the Southern District of New York, alleging causes of action for patent infringement (the "Tacoda Action"). Discovery is ongoing in that action. Tacoda produced hundreds of thousands of pages of documents in that action, which Plaintiff has been reviewing since receiving each of Tacoda's productions. From its review of those documents, and its investigation in connection with that review, Modavox now has a better understanding of the relationship between Defendants AOL and Platform-A and is now aware that Platform-A, as well as AOL, is infringing its trademarks such that Platform-A should be an additional defendant to all of Modavox's trademark causes of action.

5.  In connection with its preparation of its Opposition to Defendants' Motion to Sever Claims Pursuant to FRCP 21, filed on August 11, 2009, Modavox reviewed defendants' infringing websites, which make clear that AOL's infringing website theboombox.com is powered by Platform-A, such that Platform-A should be named as a defendant to Plaintiff's trademark causes of action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. This declaration was executed at Los Angeles, California, on this 2nd day of September, 2009.

*/s/ L. Bosshart*
Lisbeth Bosshart, Declarant

Case Name:     *Modavox, Inc v. AOL LLC*

Case Number:   09 Civ. 04299 (RWS)

## PROOF OF SERVICE

I, Katya Mezek, am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 12121 Wilshire Boulevard, Suite 205, Los Angeles, CA 90025.

On **September 2, 2009**, I served the foregoing **NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF LISBETH BOSSHART, ESQ. IN SUPPORT** on the following interested parties in this action:

> Paul R. Gupta
> Orrick, Herrington & Sutcliffe LLP
> 666 Fifth Avenue
> New York, NY 10103
> E-mail: pgupta@orrick.com
>
> William Benjamin Tabler, III
> Orrick, Herrington & Sutcliffe LLP
> 666 Fifth Avenue
> New York, NY 10103
> E-mail: wtabler@orrick.com
>
> Diana Szego
> Orrick, Herrington & Sutcliffe LLP
> 666 Fifth Avenue
> New York, NY 10103
> E-mail: dszego@orrick.com
>
> Joseph Sherinsky
> Orrick, Herrington & Sutcliffe LLP
> 666 Fifth Avenue
> New York, NY 10103
> E-mail: jsherinksy@orrick.com

**VIA MAIL**

[ ]   By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection and mailing on that date following ordinary business practices.

> I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Los Angeles, California, with postage thereon fully prepaid, that same day in the ordinary course of business.

[ ]   By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and depositing each envelope(s), with postage thereon fully prepaid, in the mail at Los Angeles, California.

**VIA OVERNIGHT MAIL/COURIER**

[ ]   By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection by overnight mail service or overnight courier service. I am readily familiar with my firm's business practice of collection and processing of correspondence for overnight mail or overnight courier service, and any correspondence placed for collection for overnight delivery would, in the ordinary course of business, be delivered to an authorized courier or driver authorized by the overnight mail carrier to receive documents, with delivery fees paid or provided for, that same day, for delivery on the following business day.

**VIA E-MAIL**

[x]   By sending via electronic mail delivery to the above listed e-mail address. I am readily familiar with my firm's business practice of processing electronic mail correspondence and such mail is sent out in the ordinary course of business.

**PROOF OF SERVICE VIA FACSIMILE**

[ ]   By arranging for facsimile transmission from facsimile number (310) 826-8042 to the above listed facsimile number(s) prior to 6:00 p.m. I am readily familiar with my firm's business practice of collection and processing of correspondence via facsimile transmission(s) and any such correspondence would be transmitted via facsimile to the designated numbers in the ordinary course of business. The facsimile transmission(s) was reported as complete and without error.

**PROOF OF SERVICE VIA HAND DELIVERY**

[ ]   (BY PERSONAL SERVICE) I caused such envelope to be hand delivered to the offices of the addressee.

[ ]   (BY PERSONAL SERVICE) I caused such envelope to be hand delivered to the addressee.

[ ]   (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[x]   (Federal) I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member *pro hac vice* of the bar of this Court at whose direction the service was made.

Executed on September 2, 2009

Katya Mezek