# EXHIBIT A

1  David R. Shaub (Cal. SBN 032322)
2  Lisbeth Bosshart (Cal. SBN 201822)
   SHAUB & WILLIAMS LLP
3  12121 Wilshire Boulevard, Suite 205
4  Los Angeles, CA 90025-1165
   (310) 826-6678; (310) 826-8042  (fax)
5
6  David Rosenbaum
   ROSENBAUM & ASSOCIATES, P.C.
7  650 Dundee Road, Suite 380, Northbrook, IL 60062
8  (847) 770-6000; (847) 770-6006 (fax)
   Attorneys for Plaintiff Modavox, Inc., a Delaware Corporation
9

10              **UNITED STATES DISTRICT COURT**

11              **SOUTHERN DISTRICT OF NEW YORK**

<table>
<tr><td>12</td><td>MODAVOX, INC., a Delaware corporation,</td><td>CASE NO.  09 Civ. 04299 (RWS)</td></tr>
<tr><td>13</td><td></td><td>[PROPOSED] SECOND AMENDED COMPLAINT:</td></tr>
<tr><td>14</td><td>Plaintiff,</td><td></td></tr>
<tr><td>15</td><td>v.</td><td>1. Trademark Infringement ("BOOMBOX RADIO") — 15 U.S.C. §1114, along with request for injunctive relief;</td></tr>
<tr><td>16</td><td></td><td></td></tr>
<tr><td>17</td><td>AOL LLC, a Delaware Limited Liability Company; Time Warner, Inc., a Delaware Corporation;</td><td>2. Trademark Infringement, Unfair Competition, and False Designation of Origin ("BOOMBOX RADIO") — 15 U.S.C. §1125(a), along with request for injunctive relief;</td></tr>
<tr><td>18</td><td>Platform-A, Inc., a Maryland Corporation;</td><td></td></tr>
<tr><td>19</td><td></td><td></td></tr>
<tr><td>20</td><td>Defendants.</td><td>3. Trademark Infringement ("BOOMBOX") — 15 U.S.C. §1114, along with request for injunctive relief;</td></tr>
<tr><td>21</td><td></td><td></td></tr>
<tr><td>22</td><td></td><td>4. Trademark Infringement, Unfair Competition, and False Designation of Origin ("BOOMBOX") — 15 U.S.C. §1125(a), along with request for injunctive relief;</td></tr>
<tr><td>23</td><td></td><td></td></tr>
<tr><td>24</td><td></td><td></td></tr>
<tr><td>25</td><td></td><td>5.  Patent Infringement of U.S. Patent No. 6,594,691;</td></tr>
<tr><td>26</td><td></td><td>6. Patent Infringement of U.S. Patent No. 7,269,636</td></tr>
<tr><td>27</td><td></td><td></td></tr>
<tr><td>28</td><td></td><td>**[DEMAND FOR JURY TRIAL]**</td></tr>
</table>

SHAUB & WILLIAMS LLP
12121 WILSHIRE BLVD, STE. 205
LOS ANGELES, CA 90025
(310) 826-6678  FAX (310) 826-8042
LAWFIRM@SW-LAW.COM

Plaintiff, Modavox, Inc. ("Plaintiff" or "MODAVOX"), by and through its above-referenced attorneys, hereby complains and alleges as follows:

## NATURE OF THE ACTION AND THE PARTIES

1.      This is an action against Defendants AOL, Inc. ("AOL") and Platform-A, Inc. ("Platform-A") for trademark infringement in connection with AOL's and Platform-A's use of THE BOOMBOX designation, which is confusingly similar to Plaintiff MODAVOX's BOOMBOX RADIO and BOOMBOX Trademarks, in violation of Lanham Act, 15 U.S.C. §§ 1050-1127 and against Defendants AOL, Time Warner, Inc. ("Time Warner") and Platform-A for patent infringement of Plaintiff MODAVOX's U.S. Patent No. 6,594,691 ("the '691 patent") and U.S. Patent No. 7,269,636 ("the '636 patent"). Attached hereto as Exhibit A is a true and correct copy of the '691 patent, and attached hereto as Exhibit B is a true and correct copy of the '636 patent.

2.      Plaintiff MODAVOX is, and at all times mentioned herein was, a corporation organized under the laws of Delaware, with its principal place of business in Phoenix, Arizona.

3.      Upon information and belief, Defendant AOL is, and at all times mentioned herein was, a limited liability corporation organized under the laws of Delaware, with its principal place of business in New York City, New York.

4.      Upon information and belief, Defendant Time Warner is, and at all times mentioned herein was, a corporation organized under the laws of Delaware, with its principal place of business in New York City, New York.

5.      Upon information and belief, Defendant Platform-A is, and at all times mentioned herein was, a corporation organized under the laws of Delaware, with its principal place of business in Baltimore, Maryland.

6.      Plaintiff MODAVOX believes that other entities owned by or related

[PROPOSED] SECOND AMENDED COMPLAINT

SHAUB & WILLIAMS LLP
12121 WILSHIRE BLVD., STE 205
LOS ANGELES CA, 90025
(310) 826-6678 FAX (310) 826-8042
LAWFIRM@SW-LAW.COM

to Defendants AOL, Time Warner and Platform-A may also be engaging in the infringement of its trademark and patents and intends to amend this complaint accordingly.

7.     Plaintiff is informed and believes, and on that basis alleges, each defendant, was or is the agent, servant, employee, or partner of each of the remaining Defendants, and acting within the purpose, scope, and course of said agency, service, employment, or partnership, with the express and/or implied knowledge, permission, and consent of the remaining Defendants, and approved the acts of one or more of the other Defendants.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1338 and 15 U.S.C. § 1121 because this suit arises under the Lanham Act, 15 U.S.C. § 1051 et seq. as well as pendent jurisdiction over any state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).  Further, this is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code.  The Court has subject-matter jurisdiction over this action under 28 U.S.C. §1331 and 1338.

9.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because the Defendants engage in business dealings in this district, by providing interactive websites within this district and/or soliciting sales, contributions and memberships in this district.

## FIRST CAUSE OF ACTION

### (Trademark Infringement ("Boombox Radio") under 15 U.S.C. § 1114, et seq.)

### (Against AOL and Platform-A)

10.     Plaintiff MODAVOX is in the business of providing, licensing and selling internet video and radio software and services featuring its patented

SHAUB & WILLIAMS LLP
1121 WILSHIRE BLVD. STE 205
LOS ANGELES CA. 90025
(310) 826-6678 FAX (310) 826-8042
LAWFIRM@SW-LAW.COM

[PROPOSED] SECOND AMENDED
COMPLAINT

technology under its "BOOMBOX RADIO" mark (hereafter "the Boombox Radio Mark").

11. Since early 1998, SurfNet Media Group, Inc. ("SurfNet") began developing the technology to offer web-based entertainment software and services, and the company actively started marketing under the designation, Boombox Radio, in April 1998.

12. The original registrant SurfNet is a predecessor in interest of MODAVOX.

13. Plaintiff's Boombox Radio Mark was registered with the United States Patent and Trademark Office on June 7, 1999, USPTO Registration 2,397,385.

14. Plaintiff owns the registered Boombox Radio Mark, which is and continues to be in full force and effect.

15. Plaintiff and its predecessor have used the Boombox Radio Mark continuously since 1998 to identify their and their partners' websites, offering entertainment services featuring movies, news, talkshows, video and computer games, movies, and television shows, and these websites employ Plaintiff's patented technology. Plaintiff and its predecessors have used the mark in connection with its patented behavioral marketing technology. As a result of use and promotion, Plaintiff's mark acquired a favorable reputation to consumers as an identifier and symbol of Plaintiff's product and services.

16. Plaintiff is informed and believes, and thereon alleges, that Defendant, willfully and deliberately used and are using the Boombox Radio Mark with notice of Plaintiff's ownership of the Boombox Radio Mark and began to use the name "BOOMBOX" well after Plaintiff's Boombox Radio Mark had been registered to offer virtually identical services as Plaintiff has offered and has registered under the Mark.

4

[PROPOSED] SECOND AMENDED
COMPLAINT

17.   Defendants' use of the name "BOOMBOX" is without Plaintiff's consent.

18.   Plaintiff has advised Defendants of Plaintiff's ownership of the Mark "BOOMBOX RADIO" and the registration and requested Defendants to cease and desist from further use of the name "BOOMBOX" as either a trade name or a trademark. Defendants have failed and refused, and continue to fail and refuse, to comply with Plaintiff's request.

19.   Plaintiff and its predecessors in interest have used the Boombox Radio Mark since April 1998 to identify their products and services, and have been displaying the Boombox Radio Mark on webpages, software, and other venues associated with its product and services.

20.   Defendants' use of Plaintiff's Mark on its website offering virtually identical services has already and is likely to cause confusion, mistake, and/or to deceive the public as to the origin of Defendants' services and therefore constitute infringement of Plaintiff's federally registered trademark under the Lanham Act, 15 U.S.C. § 1114(a).

21.   Furthermore, Defendants' use of the term "BOOMBOX" is likely to cause others to believe there is or attribute a relationship between AOL and Platform-A, on the one hand, and Modavox on the other, where there is none.

22.   Defendants' wrongful acts will permit Defendants to capitalize on the strength of Plaintiff's success, goodwill, and reputation in promoting its own services under a name which is virtually identical.

23.   Defendants AOL and Platform-A have knowledge of Plaintiff's trademark rights, and continue to use its infringing mark to cause confusion, mistake, and deception, in violation and in disregard of Plaintiff's trademark.

24.   As a proximate result of the above-alleged acts of trademark infringement, and as a proximate result of confusion and deception caused by

5

[PROPOSED] SECOND AMENDED COMPLAINT

Defendants' use of the name "BOOMBOX" for its website, Plaintiff has been deprived of substantial sales, and has been deprived of the value of its trademark as a commercial asset. Plaintiff has incurred, and will continue to incur, substantial damages and harm, including, but not limited to, sales and profits Plaintiff would have made but for Defendants' act, the exact amount of which is difficult to calculate, and presently unknown, but will be established according to proof at trial.

25.    Defendants' wrongful conduct, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff.

26.    Plaintiff has no adequate remedy at law for the injuries currently being suffered and that are threatened in that it will be impossible for Plaintiff to determine the precise amount of damages that it will suffer if Defendants' conduct is not restrained.

## SECOND CAUSE OF ACTION

### (Trademark Infringement, Unfair Competition, and False Designation of Origin ("Boombox Radio") — 15 U.S.C. § 1125(a)

### (Against AOL and Platform-A)

27.    Plaintiff incorporates and realleges paragraphs 1 through 26 as though fully set forth herein.

28.    Defendants' acts, as alleged herein constitute, among other things, false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact which are likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, association or approval by Plaintiff of the goods and services of Defendants.

29.    As a result, members of the public will reasonably be deceived and/or confused into believing that Defendants' products and services are actually Plaintiff's products and services.

SHAUB & WILLIAMS LLP
12121 WILSHIRE BLVD., STE 205
LOS ANGELES CA, 90025
(310) 826-6678 FAX (310) 826-8042
LAWFIRM@SW-LAW.COM

6

[PROPOSED] SECOND AMENDED
COMPLAINT

30.    By engaging in the wrongful conduct described herein and above, Defendants have violated section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) for trademark infringement, unfair competition and false designation of origin. Because Defendants have engaged in the conduct described herein with fraudulent intent, and with the actual knowledge of the harm being caused to Plaintiff by such wrongful conduct/acts, this is an exceptional case, which merits an award of treble damages and attorneys' fees against Defendants.

31.    Defendants' acts and conduct have caused and will continue to cause Plaintiff great and irreparable injury that cannot be adequately compensated or measured in damages.  Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damage and injury unless Defendants are restrained and enjoined from continuing to engage in such wrongful conduct.

## THIRD CAUSE OF ACTION

## (Trademark Infringement ("Boombox") under 15 U.S.C. § 1114, et seq.)

## (Against AOL and Platform-A)

32.    Plaintiff incorporates and realleges paragraphs 1 through 31 as though fully set forth herein.

33.    Plaintiff AOL is in the business of providing, licensing and selling internet video and radio software and services featuring its patented technology under its "BOOMBOX" mark (hereafter the "Boombox Mark").

34.    Since early 1998, SurfNet Media Group, Inc. ("SurfNet") began developing the technology to offer web-based entertainment software and services, and the company actively started marketing under the designation, Boombox, in April 1998.

35.    The original registrant SurfNet is a predecessor in interest of MODAVOX.

SHAUB & WILLIAMS LLP
12121 WILSHIRE BLVD, STE 205
LOS ANGELES CA, 90025
(310) 826-6678 FAX (310) 826-8042
LAWFIRM@SW-LAW.COM

[PROPOSED] SECOND AMENDED
COMPLAINT

36.     Plaintiff's Boombox Mark was registered with the United States Patent and Trademark Office on August 18, 2009, USPTO Registration No. 3,668,343.

37.     Plaintiff owns the registered Boombox Mark, which is and continues to be in full force and effect.

38.     Plaintiff and its predecessor have used the Boombox Mark continuously since 1998 to identify their and their partners' websites, offering entertainment services featuring movies, news, talkshows, video and computer games, movies, and television shows, and these websites utilize Plaintiff's patented technology.  As a result of use and promotion, Plaintiff's mark acquired a favorable reputation to consumers as an identifier and symbol of Plaintiff's product and services.

39.     Plaintiff is informed and believes, and thereon alleges, that Defendants, willfully and deliberately used and are using the Boombox Mark with notice of Plaintiff's ownership of the Mark and began to use the name "BOOMBOX" to offer virtually identical services as Plaintiff has offered and registered under the Boombox Mark.

40.     Defendants' use of the name "BOOMBOX" is without Plaintiff's consent.

41.     Plaintiff has requested Defendant to cease and desist from further use of the name "BOOMBOX" as either a trade name or a trademark.  Defendants have failed and refused, and continue to fail and refuse, to comply with Plaintiff's request.

42.     Plaintiff and its predecessors in interest have used the Boombox Mark since April 1998 to identify their products and services, and have been displaying the Boombox Mark on webpages, software, and other venues associated with its product and services.

[PROPOSED] SECOND AMENDED
COMPLAINT

43.     Defendants' use of Plaintiff's Boombox Mark on its website offering virtually identical services has already and is likely to cause confusion, mistake, and/or to deceive the public as to the origin of Defendants' services and therefore constitute of Plaintiff's federally registered trademark under the Lanham Act, 15 U.S.C. § 1114(a).

44.     Furthermore, Defendants' use of the term "BOOMBOX" is likely to cause others to believe there is or attribute a relationship between AOL and Platform-A, on the one hand, and Modavox on the other, where there is none.

45.     Defendants' wrongful acts will permit Defendants to capitalize on the strength of Plaintiff's success, goodwill, and reputation in promoting its own services under a name which is virtually identical.

46.     Defendants AOL and Platform-A have knowledge of Plaintiff's trademark rights, and continue to use its infringing mark to cause confusion, mistake, and deception, in violation and in disregard of Plaintiff's trademark.

47.     As a proximate result of the above-alleged acts of trademark infringement, and as a proximate result of confusion and deception caused by Defendants' use of the name "BOOMBOX" for its website, Plaintiff has been deprived of substantial sales, and has been deprived of the value of its trademark as a commercial asset.  Plaintiff has incurred, and will continue to incur, substantial damages and harm, including, but not limited to, sales and profits Plaintiff would have made but for Defendants' act, the exact amount of which is difficult to calculate, and presently unknown, but will be established according to proof at trial.

48.     Defendants' wrongful conduct, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff.

49.     Plaintiff has no adequate remedy at law for the injuries currently being suffered and that are threatened in that it will be impossible for Plaintiff to

SHAUB & WILLIAMS LLP
12121 WILSHIRE BLVD. STE 205
LOS ANGELES CA. 90025
(310) 826-6678 FAX (310) 826-8042
LAWFIRM@SW-LAW.COM

[PROPOSED] SECOND AMENDED
COMPLAINT

determine the precise amount of damages that it will suffer if Defendants' conduct is not restrained.

## FOURTH CAUSE OF ACTION

### (Trademark Infringement, Unfair Competition, and False Designation of Origin ("Boombox") — 15 U.S.C. § 1125(a)

### (Against AOL and Platform-A)

50.   Plaintiff incorporates and realleges paragraphs 1 through 49 as though fully set forth herein.

51.   Defendants' acts, as alleged herein constitute, among other things, false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact which are likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, association or approval by Plaintiff of the goods and services of Defendants.

52.   As a result, members of the public will reasonably be deceived and/or confused into believing that Defendants' products and services are actually Plaintiff's products and services.

53.   By engaging in the wrongful conduct described herein and above, Defendants have violated section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) for trademark infringement, unfair competition and false designation of origin. Because Defendants have engaged in the conduct described herein with fraudulent intent, and with the actual knowledge of the harm being caused to Plaintiff by such wrongful conduct/acts, this is an exceptional case, which merits an award of treble damages and attorneys' fees against Defendants.

54.   Defendants' acts and conduct have caused and will continue to cause Plaintiff great and irreparable injury that cannot be adequately compensated or measured in damages.  Plaintiff has no adequate remedy at law and will suffer

SHAUB & WILLIAMS LLP
12121 WILSHIRE BLVD. STE 205
LOS ANGELES CA, 90025
(310) 826-6678 FAX (310) 826-8042
LAWFIRM@SW-LAW.COM

[PROPOSED] SECOND AMENDED
COMPLAINT

immediate and irreparable loss, damage and injury unless Defendants are restrained and enjoined from continuing to engage in such wrongful conduct.

## FIFTH CAUSE OF ACTION

### (Patent Infringement of U.S. Patent 6,594,691)

### (Against All Defendants)

55.    Plaintiff incorporates and realleges paragraphs 1 through 54 as though fully set forth herein.

56.    Plaintiff MODAVOX is the assignee of record and the sole owner of all right, title and interest in the '691 patent.

57.    On information and belief, Defendants have operated a business for profit that uses Plaintiff's technology claimed and described in the '691 patent. Defendants have neither sought nor received authorization to use Plaintiff's patented technology.

58.    To the best of Plaintiff's information and belief, Defendants make, use, sell, offer for sale and/or induce others to use in this judicial district, and elsewhere throughout the United States, products and services which infringe upon and embody the patented inventions of the '691 patent in violation of 35 U.S.C. §271(a).  There exists evidentiary support for such belief and Plaintiff is informed and believes it is likely to have additional evidentiary support for its allegations after it has a reasonable opportunity for further investigation and discovery.

59.    Defendants will continue to infringe the '691 patent in violation of 35 U.S.C. §271(a), unless enjoined by this Court.

60.    Plaintiff is informed and believes, and on that basis alleges, that Defendants have been inducing, and/or contributing to the infringement of the '691 patent and will continue to induce and/or contribute to the infringement of

SHAUB & WILLIAMS LLP
12121 WILSHIRE BLVD, STE 205
LOS ANGELES CA, 90025
(310) 826-6678 FAX (310) 826-8042
LAWFIRM@SW-LAW.COM

[PROPOSED] SECOND AMENDED
COMPLAINT

the '691 patent, in violation of 35 U.S.C. sections 271 (b) and (c), unless enjoined by this Court.

61.     As a direct and proximate consequence of Defendants' acts of infringement, Plaintiff has been irreparably injured.  Unless such acts and practices are preliminarily and permanently enjoined by this Court, Plaintiff will continue to suffer additional and irreparable injury.

62.     Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. §238.

63.     As a direct and proximate consequence of Defendants' acts of infringement, Plaintiff has suffered, and continues to suffer, damages, in an amount not yet determined, of at least a reasonable royalty due to the infringing acts by Defendants, and lost profits due to loss of sales, profits, and potential sales that Plaintiff would have made but for the infringing acts and practices of Defendants for which Plaintiff is entitled to relief pursuant to 35 U.S.C. §284.

64.     On May 16, 2008, Defendant AOL was given actual notice of its infringement of the '691 patent through a cease and desist letter.  Plaintiff is informed and believes that in or around May 2008, the other Defendants were made aware of this cease and desist letter.

65.     Defendants' infringement of the '691 patent has been and continues to be willful and deliberate, in disregard of Plaintiff's rights in the '691 patent.

## SIXTH CAUSE OF ACTION

### (Patent Infringement of U.S. Patent 7,269,636)

### (Against All Defendants)

66.     Plaintiff incorporates and realleges paragraphs 1 through 65 as though fully set forth herein.

67.     Plaintiff MODAVOX is the assignee of record and the sole owner of all right, title and interest in the '636 patent.

SHAUB & WILLIAMS LLP
12121 WILSHIRE BLVD, STE 205
LOS ANGELES CA, 90025
(310) 826-6678 FAX (310) 826-8042
LAWFIRM@SW-LAW.COM

[PROPOSED] SECOND AMENDED
COMPLAINT

68.    On information and belief, Defendants have operated a business for profit that uses Plaintiff's technology claimed and described in the '636 patent. Defendants have neither sought nor received authorization to use Plaintiff's patented technology.

69.    To the best of Plaintiff's information and belief, Defendants make, use, sell, offer for sale and/or induce others to use in this judicial district, and elsewhere throughout the United States, products and services which infringe upon and embody the patented inventions of the '636 patent in violation of 35 U.S.C. §271(a). There exists evidentiary support for such belief and Plaintiff is informed and believes it is likely to have additional evidentiary support for its allegations after it has a reasonable opportunity for further investigation and discovery.

70.    Defendants will continue to infringe the '636 patent in violation of 35 U.S.C. §271(a), unless enjoined by this Court.

71.    Plaintiff is informed and believes, and on that basis alleges, that Defendants have been inducing, and/or contributing to the infringement of the '636 patent and will continue to induce and/or contribute to the infringement of the '636 patent, in violation of 35 U.S.C. sections 271 (b) and (c), unless enjoined by this Court.

72.    As a direct and proximate consequence of Defendants' acts of infringement, Plaintiff has been irreparably injured. Unless such acts and practices are preliminarily and permanently enjoined by this Court, Plaintiff will continue to suffer additional and irreparable injury.

73.    Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. §238.

74.    As a direct and proximate consequence of Defendants' acts of infringement, Plaintiff has suffered, and continues to suffer, damages, in an amount not yet determined, of at least a reasonable royalty due to the infringing

13

[PROPOSED] SECOND AMENDED
COMPLAINT

acts by Defendants, and lost profits due to loss of sales, profits, and potential sales that Plaintiff would have made but for the infringing acts and practices of Defendants for which Plaintiff is entitled to relief pursuant to 35 U.S.C. §284.

75.     On May 16, 2008, Defendant AOL was given actual notice of its infringement of the '691 patent through a cease and desist letter.  Plaintiff is informed and believes that in or around May 2008, the other Defendants were made aware of this cease and desist letter.

76.     Defendants' infringement of the '636 patent has been and continues to be willful and deliberate, in disregard of Plaintiff's right in the '636 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

## ON THE FIRST AND SECOND CAUSES OF ACTION AGAINST AOL AND PLATFORM-A

1.     That this Court issue a preliminary and permanent injunction restraining, prohibiting and enjoining AOL and Platform-A and their agents, employees and any person in active concert or participation with AOL and/or Platform-A, from infringing the Plaintiff's mark "Boombox Radio" and/or engaging in further such unlawful acts;

2.     For all of AOL's and Platform-A's profits derived from their infringement of Plaintiff's trademark "Boombox Radio;"

3.     For three times the amount of Plaintiff's actual damages caused by Defendants AOL's and Platform-A's infringement of Plaintiff's trademark "Boombox Radio;"

4.     For costs of suit incurred herein;

5.     For Plaintiff's reasonable attorney's fees expended in this action,

6.     That this Court afford Plaintiff such other and further relief as the Court deems equitable and just.

SHAUB & WILLIAMS LLP
12121 WILSHIRE BLVD, STE 205
LOS ANGELES CA, 90025
(310) 826-6678 FAX (310) 826-8042
LAWFIRM@SW-L-AW.COM

14

[PROPOSED] SECOND AMENDED COMPLAINT

## ON THE THIRD AND FOURTH CAUSES OF ACTION AGAINST AOL AND PLATFORM-A

1.     That this Court issue a preliminary and permanent injunction restraining, prohibiting and enjoining AOL and Platform-A and their agents, employees and any person in active concert or participation with AOL and/or Platform-A, from infringing the Plaintiff's mark "Boombox" and/or engaging in further such unlawful acts;

2.     For all of AOL's and Platform-A's profits derived from their infringement of Plaintiff's trademark "Boombox;"

3.     For three times the amount of Plaintiff's actual damages caused by Defendants AOL's and Platform-A's infringement of Plaintiff's trademark "Boombox;"

4.     For costs of suit incurred herein;

5.     For Plaintiff's reasonable attorney's fees expended in this action,

6.     That this Court afford Plaintiff such other and further relief as the Court deems equitable and just.

## ON THE FIFTH AND SIXTH CAUSES OF ACTION AGAINST ALL DEFENDANTS

1.     That this Court issue a preliminary and permanent injunction pursuant to 35 U.S.C. §283 restraining, prohibiting and enjoining Defendants and their agents, employees and any person in active concert or participation with Defendants or who are acting under their direction, who receive actual notice of the injunction through personal service or otherwise, from making, using selling, offering for sale any products or services that infringe the '691 or '636 patents;

2.     That this Court issue a preliminary and permanent injunction pursuant to 35 U.S.C. §283 restraining, prohibiting and enjoining Defendants and their agents, employees and any person in active concert or participation with

SHAUB & WILLIAMS LLP
12121 WILSHIRE BLVD. STE 205
LOS ANGELES CA, 90025
(310) 826-6678 FAX (310) 826-8042
LAWFIRM@SW-LAW.COM

[PROPOSED] SECOND AMENDED
COMPLAINT

Defendants or who are acting under their direction, who receive actual notice of the injunction through personal service or otherwise, from inducing or contributing to the infringement of the '691 or '636 patents;

3.     That this Court grant judgment in favor of Plaintiff and award damages to Plaintiff adequate to compensate for the infringement by Defendants of the '691 and '636 patents in an amount to be determined at trial, but in no event less than a reasonable royalty;

4.     That it be adjudged that Defendants' infringement of the '691 and '636 patents has been willful and that this Court enhance the award of damages for willful infringement, up to three times the amount of damages found, pursuant to 35 U.S.C. §284;

5.     That this Court order against Defendants an assessment of interest on the damages so computed, and an assessment of costs, pursuant to 35 U.S.C. §284;

6.     That this Court issue a declaration that this case is exceptional pursuant to 35 U.S.C. §285 and accordingly order an award of attorneys' fees and costs in this action.

7.     That this Court afford Plaintiff such other and further relief as the Court deems equitable and just.

Dated: September 2, 2009          By:   _J Bosshart_
                                         David R. Shaub,
                                         Lisbeth Bosshart,
                                         Stephen D. Morgan,
                                         Attorneys for Plaintiff,
                                         MODAVOX, INC.

SHAUB & WILLIAMS LLP
12121 WILSHIRE BLVD, STE 205
LOS ANGELES CA, 90025
(310) 826-6678 FAX (310) 826-8042
LAWFIRM@SW-L-LAW.COM

16

[PROPOSED] SECOND AMENDED COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff MODAVOX, INC. hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.


Septebmer 2, 2009                                    SHAUB & WILLIAMS, LLP



By: _David R. Shaub,_
     David R. Shaub,
     Lisbeth Bosshart,
     Stephen D. Morgan,
     Attorneys for Plaintiff,
     MODAVOX, INC.

SHAUB & WILLIAMS LLP
1221 WILSHIRE BLVD, STE 205
LOS ANGELES CA, 90025
(310) 826-6678 FAX (310) 826-8042
LAWFIRM@SW-LAW.COM

17

[PROPOSED] SECOND AMENDED
COMPLAINT

Case Name:          *Modavox, Inc v. AOL LLC*

Case Number:        **09 Civ. 04299 (RWS)**

## PROOF OF SERVICE

I, Katya Mezek, am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 12121 Wilshire Boulevard, Suite 205, Los Angeles, CA 90025.

On **September 2, 2009**, I served the foregoing **[PROPOSED] SECOND AMENDED COMPLAINT** on the following interested parties in this action:

>Paul R. Gupta
>Orrick, Herrington & Sutcliffe LLP
>666 Fifth Avenue
>New York, NY 10103
>E-mail: pgupta@orrick.com

>William Benjamin Tabler, III
>Orrick, Herrington & Sutcliffe LLP
>666 Fifth Avenue
>New York, NY 10103
>E-mail: wtabler@orrick.com

>Diana Szego
>Orrick, Herrington & Sutcliffe LLP
>666 Fifth Avenue
>New York, NY 10103
>E-mail: dszego@orrick.com

>Joseph Sherinsky
>Orrick, Herrington & Sutcliffe LLP
>666 Fifth Avenue
>New York, NY 10103
>E-mail: jsherinksy@orrick.com

## VIA MAIL

[ ]    By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the United States Postal Service and correspondence

placed for collection and mailing would be deposited with the United States Postal Service at Los Angeles, California, with postage thereon fully prepaid, that same day in the ordinary course of business.

[ ]   By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and depositing each envelope(s), with postage thereon fully prepaid, in the mail at Los Angeles, California.

## VIA OVERNIGHT MAIL/COURIER

[ ]   By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection by overnight mail service or overnight courier service.  I am readily familiar with my firm's business practice of collection and processing of correspondence for overnight mail or overnight courier service, and any correspondence placed for collection for overnight delivery would, in the ordinary course of business, be delivered to an authorized courier or driver authorized by the overnight mail carrier to receive documents, with delivery fees paid or provided for, that same day, for delivery on the following business day.

## VIA E-MAIL

[x]   By sending via electronic mail delivery to the above listed e-mail address.  I am readily familiar with my firm's business practice of processing electronic mail correspondence and such mail is sent out in the ordinary course of business.

## PROOF OF SERVICE VIA FACSIMILE

[ ]   By arranging for facsimile transmission from facsimile number (310) 826-8042 to the above listed facsimile number(s) prior to 6:00 p.m.  I am readily familiar with my firm's business practice of collection and processing of correspondence via facsimile transmission(s) and any such correspondence would be transmitted via facsimile to the designated numbers in the ordinary course of business.  The facsimile transmission(s) was reported as complete and without error.

## PROOF OF SERVICE VIA HAND DELIVERY

[ ]   (BY PERSONAL SERVICE) I caused such envelope to be hand delivered to the offices of the addressee.

[ ]   (BY PERSONAL SERVICE) I caused such envelope to be hand delivered to the addressee.

[ ]     (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[x]     (Federal) I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member *pro hac vice* of the bar of this Court at whose direction the service was made.


Executed on September 2, 2009

Katya Mezek