UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

AUGME TECHNOLOGIES, INC.,

            Plaintiff,

  - against -

AOL INC., TIME WARNER INC., PLATFORM-A,
INC., and AOL ADVERTISING INC.,

            Defendants.

------------------------------------------X

09 Civ. 4299 (RWS)

OPINION

A P P E A R A N C E S:

    Attorneys for the Plaintiff

    GOODWIN PROCTER LLP
    620 Eighth Avenue
    New York, NY 10018
    By:  Mark J. Abate, Esq.
        Calvin E. Wingfield, Jr., Esq.

    901 New York Avenue, N.W.
    Washington, DC 20001
    By:  Scott L. Robertson, Esq.
        Jennifer A. Albert, Esq.

    53 State Street
    Boston, MA 02109
    By:  Michael G. Strapp, Esq.

    Attorneys for Defendants

    ORRICK, HERRINGTON & SUTCLIFFE LLP
    51 West 52nd Street
    New York, NY 10019
    By:  Paul R. Gupta, Esq.

    PILLSBURY WINTHROP SHAW PITTMAN LLP
    725 South Figueroa Street, Suite 2800
    Los Angeles, CA 90017

**Sweet, D.J.**

There are currently two motions pending before the Court. Defendants AOL Inc. ("AOL"), AOL Advertising Inc. ("AOL Advertising") and Time Warner Inc. ("Time Warner") (collectively, the "Defendants") have filed a motion to (1) sever the claims brought by Plaintiff Augme Technologies ("Augme," or the "Plaintiff") alleging patent infringement against Defendants (the "Patent Claims") from Plaintiff's claims for trademark infringement, unfair competition and false designation of origin against AOL and AOL Advertising (the "Trademark Claims"), pursuant to Fed. R. Civ. P. 21, and (2) transfer the Patent Claims to Judge McMahon pursuant to Rule 13(a) and (d) of the Southern District of New York Standing Order Governing Rules for the Division of Business Among District Judges. Defendants have also moved to dismiss Plaintiff's Patent Claims for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(c). Based on the facts and conclusions set forth below, Defendants' motion to sever the Patent Claims is granted.

**Prior and Related Proceedings**

On August 9, 2007, Plaintiff filed suit against AOL's

predecessor AOL LLC and Tacoda LLC ("Tacoda") in the Southern District of New York (the "Tacoda Action"), and the case was assigned to the Honorable Colleen McMahon.  See <u>Augme Technologies, Inc. v. Tacoda, Inc.</u>, 07 Civ. 7088 (S.D.N.Y.).

On September 10, 2008, Plaintiff filed this action alleging trademark infringement against AOL LLC, in the United States District Court for the Central District of California.  Plaintiff subsequently amended its complaint to assert patent infringement allegations against Time Warner and AOL Advertising (formerly Platform-A Inc.).  Plaintiff is a Delaware corporation with its principal place of business in New York.  Plaintiff claims ownership of two patents—the '691 Patent and the '636 Patent.  Plaintiff contends that AOL and Platform-A engaged in trademark infringement in connection with AOL's and Platform-A's use of "the Boombox" designation, which is confusingly similar to Plaintiff's "Boombox Radio" and "Boombox Trademarks."  Plaintiff also contends that Defendants make, use, sell, offer for sale and/or induce others to use in this judicial district, and elsewhere throughout the United States, products and services which infringe upon and embody the patented inventions of Plaintiff.

On March 2, 2009, Defendants moved to transfer this action to this Court.  The Central District of California granted that motion on April 14, 2009, stating that "transferring this action would greatly serve judicial economy by avoiding duplicative proceedings, reducing unnecessary expenses, and promoting consistent interpretation of patents and consistent judgments."  On May 1, 2009, the case was transferred to this Court and was referred to Judge McMahon as possibly related to the Tacoda Action.  On May 11, 2009, Judge McMahon declined the case as not related and returned the case to the wheel for assignment.  The case was thereupon assigned to this Court.

On July 28, 2009, Defendants moved to sever the trademark and patent infringement claims.  In an order dated January 19, 2010, the Court declined to sever the Patent Claims, but instead stayed the Patent Claims pending resolution of the Tacoda Action pending before Judge McMahon.  The Court thereafter endorsed a recommendation from the parties that they submit a new proposed scheduling order dealing with the Trademark Claims only after mediation, if unsuccessful, was completed.

Until the Court entered a Pretrial Order on December 12, 2011 requesting that the parties report for a pretrial conference for the purpose of discussing settlement, exploring contemplated motions, stipulating facts, arranging a plan and schedule for all discovery, resolving anticipated discovery issues and setting a trial date, no discovery or any other further activity took place in this case with respect to the Patent Claims. With respect to the Trademark Claims, according to Plaintiff, the mediation contemplated by the parties occurred on June 8, 2012 and was unsuccessful.

The instant action is one of three cases involving Plaintiff and Defendant AOL. As noted above, the Tacoda Action is pending in the Southern District of New York before Judge McMahon. Additionally, Judge McMahon has also accepted a case entitled Augme Technologies, Inc. v. Gannett Co., Inc., LucidMedia Networks, Inc. and AOL Inc., which was transferred to the Southern District of New York from the Eastern District of Virginia. See Augme Technologies, Inc. v. Gannett Co., Inc. & AOL Inc., 11 Civ. 5193 (S.D.N.Y.).

On May 25, 2012, Defendants filed both their motion to sever the Patent Claims and motion to dismiss the Patent Claims.

The motions were heard and marked fully submitted on June 13.

**The Applicable Standard**

Fed. R. Civ. P. 21 permits a court to "sever any claim against a party." Fed. R. Civ. P. 21. "The decision whether to grant a severance motion is committed to the sound discretion of the trial court." State of N.Y. v. Hendrickson Bros., Inc., 840 F.2d 1065, 1082 (2d Cir. 1988); accord Wausau Bus. Inc. Co. v. Turner Constr. Co., 204 F.R.D. 248, 250 (S.D.N.Y. 2001). "Courts may order a Rule 21 severance when it will serve the ends of justice and further the prompt and efficient disposition of litigation." T.S.I. 27, inc. v. Berman Enters. Inc., 115 F.R.D. 252, 254 (S.D.N.Y. 1987); see also In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 247 F.R.D. 420, 427 (S.D.N.Y. 2007) ("Severing the claims of the non-State plaintiffs is warranted due to principles of judicial efficiency and fundamental fairness: it facilitates the settlement of the claims by non-State plaintiffs, serves judicial economy, and avoids prejudicing the defendants who properly removed the claims of the non-State plaintiffs."). "[A] court considering a severance motion should weigh the following factors in making its determination: (1) whether the claims arise out of the same

transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig., 214 F.R.D. 152, 155-56 (S.D.N.Y. 2003). "Severance requires the presence of only one of these conditions." Cestone v. General Cigar Holdings, Inc., No. 00CIV3686RCCDF, 2002 WL 424654, at *2 (S.D.N.Y. Mar. 18, 2002) (citing Lewis v. Triborough Bridge and Tunnel Auth., No. 97 Civ. 0607(PKL), 2000 WL 423517, at *2 (S.D.N.Y. Apr. 19, 2000).

**Defendants' Motion To Sever The Patent Claims Is Granted**

Defendants seek to sever the Patent Claims from the Trademark Claims. Here, all five factors weigh in favor of severance. The Patent Claims are not alleged to arise out of the same transaction or occurrence as the Trademark Claims, and the Patent Claims present distinct and unrelated questions of fact and law compared to those presented by the Trademark Claims. Additionally, while discovery as to the Patent Claims is just beginning, discovery as to the Trademark Claims has

proceeded. The interests of judicial economy are served by severance, as Plaintiff's Patent Claims relate to the same patents it asserted in the cases already pending before Judge McMahon. Severance of the claims will avoid the possibility of inconsistent rulings on the patents at issue. Severance is also warranted because Plaintiff's Patent Claims and Trademark Claims will require the presentation of different witnesses and proof at trial.

The Defendants have cited no authority for their motion to transfer an action previously assigned to another judge in the same district. However, under Rule 13(d) of the Rules for the Division of Business Among District Judges, if a judge assigned to a case has reason to believe that case should be transferred, the assigned judge shall refer the question to the judge who would receive the transfer. Judge McMahon's decision on the patent cases before her may be dispositive on certain of the issues in this action. In the interests of judicial economy, Judge McMahon has most graciously accepted the transfer of the Patent Claims which have been severed from the Trademark Claims in this action. If Judge McMahon should determine at any time that the transfer is inappropriate, I will accept a re-transfer at any stage of the proceedings.

## Conclusion

For the reasons set forth above, Defendants' motion to sever is granted, and the Patent Claims are transferred to the Honorable Colleen McMahon.

It is so ordered.

New York, NY
June 20, 2012

ROBERT W. SWEET
U.S.D.J.